GEORGE HEWITT *vs.* PIONEER-PRESS COMPANY.

October 23, 1876.

**New Trial for Misconduct of Jury.**—The granting of a new trial for misconduct of the jury is in the sound discretion of the trial court, and it requires a clear case against its action to justify this court in reversing the decision of such court.

**Libel—Mitigating Circumstances—Prior Publication.**—In an action for libel the defendant (the fact being properly pleaded) may, in mitigation of the damages, prove that, prior to publishing the alleged libel, it had seen the same matter published in other newspapers.

Action for libel, brought by plaintiff, the only telegraph operator at Pine City, against the defendant, publisher of the *Pioneer-Press* newspaper. The paragraph complained of was published by defendant in its issue of June 19, 1875, as an item in a column headed " State News," and was as follows : " The Pine City telegraph operator is a bad one. He is now under arrest for attempting to ravish a Swede woman, and seriously injuring a watchman that came to the woman's rescue." In its answer the defendant pleaded, among other things, in mitigation of damages, that, prior to its publication of the alleged libel, it had seen all the statements and charges therein printed and published in the *St. Paul Dispatch*, of June 17, 1875, and that the article complained of was published on June 18, 1875, in the *Minneapolis Daily Tribune*, from which the defendant copied it, believing it to be true, and as a matter of current news.

At the trial in the district court for Pine county, before *Crosby*, J., the defendant offered to prove the prior publication in the *St. Paul Dispatch*, and that the article in that paper was seen and read on that day by defendant's business manager, and by its news editor, who afterwards clipped from the *Tribune* the item complained of. The evidence was excluded, and defendant excepted. The jury found a verdict for plaintiff for $500. The defendant

moved for a new trial on all the statutory grounds, the motion was granted, and plaintiff appealed.

*Davis, O'Brien & Wilson,* for appellant.

*Mead & Thompson,* for respondent.

GILFILLAN, C. J.   The motion for a new trial in this case was made upon all the grounds for a new trial allowed by the statutes, and there is nothing in the case to indicate upon which of the grounds the motion was granted.   We have examined the case as to all the grounds alleged, and can find nothing upon which we can sustain the order granting the new trial, except the ground of misconduct of the jury, and of error of the court in excluding evidence offered by defendant in mitigation of the damages.   Upon the first of these the affidavits are very contradictory.   At the best, they make out a case of irregularities and improprieties on the part of the jury ; and at the worst, they show gross misconduct by some of the jurors, and by those acting in behalf of the plaintiff, and apparently with his assent. The court below, from its knowledge of what took place at the trial, and from the appearance and demeanor of the parties, jurors, and those whose affidavits were taken, was in a much better position than we are to determine which set of affidavits probably contained the most truth.   If the new trial was granted upon the facts disclosed by these affidavits—and we cannot say that this was not the ground of granting it—we could not overrule the decision of the court below upon them.   The granting of a new trial for such reasons being in the sound discretion of the trial court, it would require a very clear case against its action to justify us in reversing its decision.

The error of the court—and it is the only one which we find—consisted in this.   The defendant offered to prove that, two days before the publication by it of the article alleged to be libellous, there was published in the *St. Paul Dispatch,* a newspaper published at St. Paul, an article substantially the same, containing the same statements of

fact as the article sued for, and that it came to the notice of the defendant's editors before the publication of their article. This was excluded. Prior to this offer, the defendant was allowed to show that the alleged article was, before its publication by defendant, published in, and by defendant taken from, the *Minneapolis Tribune*, a newspaper published at Minneapolis. The matter offered and excluded was duly pleaded in the answer. The statute (Gen. St., c. 66, § 96) entirely removes the vexatious uncertainty and embarrassment which, before the statute, existed, as to when a defendant in a suit for libel or slander could prove mitigating circumstances. Now any matter properly pleaded, and which is proper for the jury to consider in assessing the damages, may be proved.

As, in an action for libel, exemplary damages may be allowed, the plaintiff may prove actual malice, and the defendant may prove want of actual malice, to enable the jury to determine whether they will allow such damages; and, if so, to what extent; and, to show want of actual malice, it is proper for the defendant to prove that, at the time of the publication, he reasonably believed the libellous writing to be true. Any fact tending to show such reasonable belief may be proved; and where the statements in the writing have appeared in newspapers, and have come to the knowledge of the defendant through such newspapers, before his publication of the writing, he may prove such facts, in order to show that, when he repeated the statements, he reasonably believed them to be true. Thus, in *Saunders* v. *Mills*, 6 Bing. 213, an action for libel, the defendant was permitted to prove that he had copied the alleged libel from a newspaper. Tindal, C. J., who admitted the evidence, stated "that evidence might weigh with the jury, as showing there was less of malice than if the defendant had been the original composer of the libel." Proof of similar publications in other newspapers was rejected; but no satisfactory reason is given for approving its rejection, except by

Mr. Justice Gaselee, who stated that, " beyond the report which was admitted, the defendant was not shown to have acted on any knowledge of such publications." In *Huson* v. *Dale*, 19 Mich. 17, an action for slander in charging plaintiff and another with larceny in stealing a horse, it was held that defendant might prove that certain persons had told him that plaintiff and such others had stolen the horse, and that he had stated the facts to counsel, and been advised that the offence was larceny. The court, on page 35, after speaking of the defendant's right to show his belief in the truth of the words spoken, say : " And he had the right to introduce any facts and circumstances tending to show grounds for such belief at the time of the speaking of the words." That the defendant had, before publishing the charge, seen it published in different newspapers, would certainly be a circumstance tending to show grounds for it to believe it to be true ; and the greater the number of newspapers in which it had, before publishing the alleged libel, seen it published, the stronger would be the grounds for such belief. The evidence was competent in mitigation of damages, and the new trial ought to have been granted because of its rejection.

Order affirmed.