ANNIE M. SMITH *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA
RAILWAY COMPANY.

January 26, 1883.

**Railway—Negligence—Proximate Cause of Injury—Attempt by Passenger to Escape Danger.**—The complaint in this case alleges that, plaintiff being a passenger upon defendant's railroad, "solely by the negligence of the defendant in the premises, the car on which the plaintiff was * * * being conveyed ran off the track at or near Minneapolis with great force and violence, and that the plaintiff was thereby grievously injured; that among the injuries so caused her ankle bones were broken, her leg injured, her nervous system was incurably injured, and she was otherwise injured." (1) Under these allegations it was competent to show any injury to plaintiff's person or health of which the derailment was the proximate cause. If alarmed by the peril apparently occasioned by the derailment, but acting as a person of ordinary prudence would in like circumstances in endeavoring to escape or avoid the same, she betook herself to the platform of the car, and jumped or fell off, or was jolted off by the car's motion, or pushed or crowded off by fellow-passengers in the excitement of the moment, any injury to her health or person occasioned by her fright, or by her striking the ground, would be directly traceable to the derailment as its primary, proximate, responsible, and juridical cause.

**Same—Damages—General and Special.**—(2) In the circumstances mentioned, the damages resulting directly and proximately to the person and

health of plaintiff (considered simply as a person) from her fright and from her coming to the ground, whether by jumping or by any of the means before indicated, would be general, not special. General damages are not such only as must, *a priori*, inevitably and always result from a given wrong. It is enough if, in the particular instance, they do in fact result from the wrong directly and proximately, and without reference to the special character, condition, or circumstances of the person wronged.

Action to recover damages for personal injuries occasioned to plaintiff by the negligence of defendant in running its trains.

It appeared from plaintiff's testimony that, at or near Minneapolis, the train on which she was a passenger ran off the track, owing to an open switch, and that plaintiff, in the general alarm, started to get out, and jumped off or was thrown off the car and injured. Plaintiff had a verdict, after a trial before *Young*, J., and a jury, in the district court for Hennepin county, and defendant appeals from an order refusing a new trial.

*R. B. Galusha* and *Benton & Roberts*, for appellant.

The allegations of the complaint are not supported by the evidence, and the facts attempted to be shown on the trial constitute such a variance from the complaint as to be a failure of proof. *White* v. *Culver*, 10 Minn. 155, (192;) *Gasper* v. *Adams*, 28 Barb. 441; *Pixley* v. *Clark*, 32 Barb. 268; *Butler* v. *Livermore*, 52 Barb. 570; *Kelsey* v. *Western*, 2 N. Y. 500; *Walter* v. *Bennett*, 16 N. Y. 250; *Batterson* v. *Chicago & G. T. Ry. Co.*, 13 N. W. Rep. 508; *Mayor* v. *Parker Vein Steamship Co.*, 21 How. 289; *Lund* v. *Inhabitants of Tyngsboro*, 11 Cush. 563; *Vanderslice* v. *Newton*, 4 N. Y. 130; *Spencer* v. *St. P. & S. C. R. Co.*, 21 Minn. 362; *Gray* v. *Bullard*, 22 Minn. 278; *Holden* v. *Rutland & B. R. Co.*, 30 Vt. 297; 4 Wait's Pr. 697; 2 Greenleaf, Ev. §§ 254–256; 1 Chitty, Pl. 328, 346; 2 Addison on Torts, 637; Sedgwick on Damages, 575; Thompson on Carriers of Passengers, 650.

*C. K. Davis*, for respondent.

If the court has stated the law correctly, it is not bound to repeat a charge on request. *State* v. *McCartey*, 17 Minn. 54, (76;) *State* v. *Beebe*, Id. 218, (241;) *Hocum* v. *Weitherick*, 22 Minn. 152; *Chandler* v. *De Graff*, 25 Minn. 88; *Wright* v. *Ames*, 28 Minn. 362. The com-

plaint is properly framed. *McCauley* v. *Davidson*, 10 Minn. 335, (418.) Whether the plaintiff fell off, jumped off or was pushed off, the injury, in either case, was caused by defendant's negligence. *Wilson* v. *Northern Pacific R. Co.*, 26 Minn. 278.

BERRY, J.* The complaint alleges that, plaintiff being a passenger upon defendant's railroad, "solely by the negligence of the defendant in the premises, the car on which the plaintiff was　*　*　*　being conveyed ran off the track at or near Minneapolis, with great force and violence, and that the plaintiff was thereby grievously injured; that among the injuries so caused her ankle bones were broken, her leg injured, her nervous system was incurably injured, and she was otherwise injured." Under these allegations it was competent to show any injury to plaintiff's person or health of which the derailment was the proximate cause. If, alarmed by the peril apparently occasioned by the derailment, but acting as a person of ordinary prudence would in like circumstances, in endeavoring to escape or avoid the same, she betook herself to the platform of the car, and jumped or fell off, or was jolted off by the car's motion, or pushed or crowded off by fellow-passengers in the excitement of the moment, any injury to her health or person occasioned by her fright, or by her striking the ground, would be directly traceable to the derailment, as its primary, proximate, responsible, and juridical cause. In law there would be no new or independent cause between the derailment and the injury. *Twomley* v. *C. P. N. & E. R. Co.*, 69 N. Y. 158; *Page* v. *Buckport*, 64 Me. 51; *Ingalls* v. *Bills*, 9 Met. 1; *Stickney* v. *Town of Maidstone*, 30 Vt. 738; *Frink* v. *Potter*, 17 Ill. 406. It follows that though, if practicable, it might be advisable that the complaint should allege the fright and the manner in which the plaintiff was brought to the ground, in order to forestall any claim of surprise on defendant's part as a ground of continuance, such allegations are not only not necessary to the statement of a cause of action, but evidence of the fright or manner spoken of is not irrelevant, nor is proof of them a variance or a failure to prove the cause of action alleged.

2. In the circumstances mentioned the damages resulting directly

*Gilfillan, C. J., because of illness, took no part in this case.

and proximately to the person and health of plaintiff (considered simply as a person) from her fright and from her coming to the ground, whether by jumping or by any of the means before indicated, would be general, not special. "General damages are such as the law implies or presumes to have accrued from the wrong complained of." 1 Chit. Pl. (16th Am. Ed.) 515. They are frequently spoken of as necessarily resulting from the wrong. 1 Chit. Pl. (16th Am. Ed.) 439, 515–516; 2 Greenl. Ev. § 254. This, however, does not mean (as defendant's counsel appears to argue) that general damages are such only as must, *a priori*, inevitably and always result from a given wrong. It is enough if, in the particular instance, they do in fact result from the wrong directly and proximately, and without reference to the special character, condition, or circumstances of the person wronged. The law, then, as a matter of course, *implies* or *presumes* them as the effect which, in the particular instance, necessarily results from the wrong.

3. The testimony in the case was such that it was quite possible for different minds fairly to arrive at different conclusions as to the responsible cause of plaintiff's injuries, and as to whether she acted with ordinary prudence in the premises. Its proper effect was therefore for the jury, and hence the verdict cannot be disturbed. In our view these consideration substantially dispose of the positions taken by defendant's counsel in relation to the complaint, the evidence, and the instructions given to the jury, though we have not deemed it necessary to discuss them in detail in this opinion.

4. With reference to the court's refusal to give defendant's second and seventh requested instructions to the jury, we observe (1) that even if correct in other respects, they are too narrow in confining the manner in which plaintiff came to the ground to that of jumping from the car; (2) that, irrespective of this defect, they are amply covered by the clear, full, and explicit instructions of the charge in chief.

Order affirmed.