FRANK D. LARRABEE *vs.* MINNESOTA TRIBUNE COMPANY.        36  141
                                                        | 61  267|

## December 6, 1886.

**Libel—Defamation of Public Officer.**—A printed publication charging a public officer with culpable neglect of his official duties is libellous *per se.*

**Same—Evidence of Malice—Other Publications.**—To show actual malice, other libellous publications by the defendant, containing substantially the same imputation against the plaintiff as the article sued on, are admissible.

**Same—Insufficient Exceptions to Instructions.**—Where, in an action for libel, several other publications by defendant, some admissible to show actual malice, others not, were given in evidence without objection, the attention of the trial court not being called to the difference, and the court charged the jury, in general terms, that it might consider the publications in evidence on the question of malice, an exception which does not call attention to the difference is too general.

**Same — Mitigation of Damages — Common Repute.**—Where the libel charged culpable neglect by a public officer of official duty, evidence, in mitigation of damages, that it was the general opinion and common talk of the community that the officer was guilty of such neglect of duty, unless it had come to the knowledge of and was believed in and relied on by defendant in making the publication, is not admissible.

Appeal by defendant from an order of the district court for Clay county, *Collins,* J., presiding, refusing a new trial after verdict of $1,250 for plaintiff.

*Miller, Young & Miller,* for appellant.

*M. A. Spooner, Stone & Newman, Wilson, Ball & Wallin,* and *F. D. Larrabee,* for respondent.

GILFILLAN, C. J.   Action for libel.   The complaint sets forth two articles published by defendant in its newspaper, the Minneapolis Daily Tribune, one on May 26, 1883, and one on May 29, 1883, each of which the complaint claims to be libellous.   The case is argued here, as it appears to have been tried below, on the first article.   This is clearly libellous *per se.*   No one could read it without understanding from it that the plaintiff had, from an improper motive, to wit,

"purely out of political fear," as stated in the article, wilfully neg-
lected the duties of his office (that of county attorney of Clay county)
in failing to prosecute a certain person suspected of having committed
a criminal offence.   The neglect by a county attorney, from such a
motive, of the duties of his office, would be a grave offence, for which
he might be removed from office.   Gen. St. 1878, *c.* 9, § 3.

At the trial, three other articles, published in the same paper, were
introduced without objection, one published June 1, 1883, the other
two after this action was commenced, on July 4th and 5th, respect-
ively.   The first two of these were of a libellous character.   The first
of them clearly refers to the same matter referred to in the first ar-
ticle set out in the complaint, and imports that the report of the mat-
ter given in that article is true.   The second one set forth in the com-
plaint is also upon the same matter.   The court below instructed the
jury that they might consider these articles for the purpose only of
showing actual malice on the part of defendant towards the plaintiff
in publishing the first article set out in the complaint.   This is as-
signed as error.

In *Gribble* v. *Pioneer Press Co.*, 34 Minn. 342, (25 N. W. Rep. 710,)
it was held that, in an action for libel, in order to prove actual malice,
other publications by the defendant, containing substantially the same
imputation as that sued upon, whether before or after the latter, or
after suit brought upon it, are competent and admissible as evidence.
To make such other publications competent they need not be repe-
titions of the one sued upon, nor in the same terms, if they refer to
the same matter, and make substantially the same imputation.   Of
the articles in question two do refer to the same matter as the first
article in the complaint, and make in substance the same imputation,
to wit, culpable neglect of official duty.   The jury might therefore
consider them on the question of actual malice; and, in view of these
articles, it might, in estimating the damages, consider "whether the
charges were maliciously made and wantonly persisted in;" for it
might certainly take into account, not only the fact of malice, but the
degree or extent of the malice.

Of the articles, two were not admissible to show malice, but all
were admitted without objection, the attention of the court not being

called to any difference between them in this respect. The exception to this part of the charge was general. If the defendant feared that from the general character of the charge the jury might be led to improperly consider these last two articles as showing malice, it should, in its exception, have called the court's attention to the difference between them and the others, or requested an instruction that the jury should not consider those two articles on the question of malice.

We do not think the instruction of the court referred to in defendant's eighth assignment of error could have been understood by the jury in the sense attributed to it by defendant. The court gave no such instructions as are specified in defendant's sixth, seventh, and tenth assignments of error. So far as defendant's fourth and eleventh requests to instruct the jury are correct, they were substantially given in the general charge.

In the answer, the defendant alleged, in substance, in mitigation of damages, and on the trial offered to prove, that, before the publication of the articles complained of, it was the general opinion and common talk of the community in and about Moorhead, (in said Clay county,) where the criminal offence which in the alleged libels plaintiff was charged with failing to prosecute, was alleged to have been committed, that it was the duty of the plaintiff, as prosecuting attorney, to begin actions, and to cause complaints to be made against the person suspected of having committed the offence, and make an effort to secure his arrest, and in not doing so it was the general opinion and common talk of the community that the county attorney was neglecting the duty of his said office; and that it was the general feeling that the prosecuting attorney was not making the proper effort to prosecute the author of the offence. The offer was objected to as incompetent, irrelevant, and immaterial, and not having been brought home to the defendant (*i. e.*, to its notice) at the time of the publications, and the objection was sustained. In *Hewitt* v. *Pioneer Press Co.*, 23 Minn. 178, it was held that, in an action for libel, the defendant, in mitigation of damages, may, under proper pleading, prove that the statements in the libellous articles have appeared in other newspapers, and came to his knowledge through such other newspapers before his publication of the writing complained of, in order to show that, when he repeated the

statements, he reasonably believed them to be true. An essential element of this proposition is that the previously published statements or rumors or reports came to the knowledge of the defendant before he made the publication complained of; otherwise they could not have influenced his belief; and it is only to show that he reasonably and in good faith relied on them, and believed the statements published by him to be true, that they are admissible. That some one else previously published the same libel is never of itself any excuse for the defendant's publication. So, in *Pratt* v. *Pioneer Press Co.*, 35 Minn. 251, (28 N. W. Rep. 708,) proof of information on which the defendant did not rely in making its publication was excluded. The decision. of the court below was within the rule.

Order affirmed.