ANN. BABCOCK *vs*. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

December 6, 1886.

**Negligence—Pleading—Evidence.**—In an action for an injury to the person, an allegation that plaintiff, by reason thereof, has been and is sick, lame, and sore, and unfitted for manual labor, and has suffered great pain of body and mind, is sufficient to admit evidence that the injury caused "nervous prostration," "spinal irritation," and "torpidity of the liver."

Appeal by defendant from an order of the district court for Anoka county, *Koon*, J., presiding, refusing a new trial, after a verdict of $500 for plaintiff.

*R. B. Galusha, R. C. Benton*, and *J. Kling*, for appellant.

*Hammons & Hammons*, for respondent.

GILFILLAN, C. J.   Action for an injury caused by being thrown from a sleigh, in consequence of a defective crossing on defendant's railroad.   Plaintiff, in her complaint, alleges that she "was thereby severely hurt, lamed, and bruised, in and about her back, shoulders, and head, and ever since then till now she has been and still is sick, lame, and sore, and unfitted for manual labor and attending to her household duties, and by reason thereof has suffered great pain of body and mind; and that she is advised and believes that she will be permanently disabled thereby, and will always suffer therefrom, and be wholly or partially rendered unfit and unable to perform her household duties by reason thereof."

Under these allegations, it was proper for plaintiff to prove that, as a consequence of the injury, she suffered from "nervous prostration," "spinal irritation," and "torpidity of the liver." It is not a question of general damages, or of special damages requiring to be pleaded.   Without any more full statement of the symptoms and details of the injury, she could prove in what way and to what extent she was rendered sick and lame and unfit for manual labor, and suffered pain of body and mind, and is likely to be permanently disabled.   To require any more detailed statement would lead to prolix

pleading, and be unnecessary to apprise defendant of what it might expect on the trial.

Order affirmed.