W. C. TROY, Adm'r of Thos. McDonald, v. THE CAPE FEAR AND YADKIN VALLEY RAILROAD COMPANY.

*Negligence—Proximate Cause—Evidence—Damages—Trespasser —License—Trial—Railroads.*

1. Walking upon the track of a railroad does not, *per se*, constitute such contributory negligence as will bar a recovery for injuries sustained from the negligence of the servants of the road.

2. Though the person walking upon the track of a railroad company be technically a trespasser, if he uses due care to avoid injury from the wrongful act of the company, he may recover damages for injuries thus sustained.

3. Where the public for a long series of years has been in the habit of using a portion of the track of a railroad company for a crossing, the acquiescence of the company will amount to a license, and impose on it the duty of reasonable care in the operation of its trains, so as to protect persons using the license from injury.

4. Acts, to constitute contributory negligence, must be the proximate, and not the remote, cause of the injury, and such acts as directly produced or concurred in directly producing the injury.

5. The duty of keeping a reasonable lookout is imposed upon those who have charge of railway trains ; and a failure to do so, will render the company liable for injuries, though the person injured, at the time was a trespasser, if he did nothing else to contribute to the cause of the injury.

6. Although the person upon whom the injuries were inflicted contributed thereto by his negligence, if the defendant might have avoided them by ordinary care, and did not, damages may be recovered.

7. It is required of a railroad company to exercise more care, than otherwise necessary, in running its trains in a populous town.

8. The damages to which one who has been injured by the negligence of a railroad is confined to those that are actual.

9. Where the evidence in respect to the cause of the injury is conflicting, it should be left to the jury to find the fact under proper instructions from the Court.

CIVIL ACTION, tried before *Clark. J.*, at May Term, 1887, of the Superior Court of CUMBERLAND County, to recover damages for the alleged negligent killing of Thomas McDonald, the intestate of the plaintiff.

It is alleged and admitted that on or about the night of October 19th, 1883, Thomas McDonald was run over while on the defendant's track in the town of Fayetteville.

The plaintiff alleges that his intestate was walking on the defendant company's track at the time of the injury at a place where " it was and for a long time had been the habit and custom of the people of the town of Fayetteville and others to pass and repass and cross the track " of defendant's road, and that while so walking on the said road, he was run over by the carelessness and negligence of the defendant's servants, in charge of a locomotive engine, and received injuries from which he soon thereafter died.

The defendant denies negligence and says that the plaintiff's intestate was a trespasser and had no right to be on defendant's track; that he was a man of dissolute habits, frequently in a state of intoxication, was in that condition on the night of the injury, and was himself guilty of gross neg-

ligence in going on defendant's track in that condition, and that he was lying down and in such a position that he could not be seen by the engineer, when the accident occurred.

The following issues were submitted :

" 1. Was the death of plaintiff's intestate caused by the negligence of the defendant ?

" 2. Was the plaintiff's intestate guilty of contributory negligence ?

" 3. What damage is the plaintiff entitled to receive ?"

Many witnesses, thirty in number, were examined on the trial below, and the substance of their testimony was sent up with the case on appeal.·

As there was no exception to any of the evidence by the appellant, it is unnecessary to set it out in detail, but only substantially so much of it as is necessary to a proper apprehension of the exceptions to his Honor's charge.

The tendency of that on behalf of the plaintiff, was to show that there is a crossing on a trestle of the defendant's road, upon which planks are placed, and that over this trestle the public have been accustomed to pass and repass for twenty or twenty-five years, using it as a common passage way ; that on the night of the 19th of October, 1883, between eight and nine o'clock, the plaintiff's intestate was crossing over the trestle, when the construction train of the defendant came into the town of Fayetteville, running slowly, not faster than three or four miles an hour, without giving any notice by sound of whistle or bell, and without any headlight; that it made so little noise some of the witnesses thought that it was only a hand car ; that it sounded no alarm at the crossing, and that no whistle was blown or bell rung from Little River to Fayetteville; that the track was straight for a considerable distance and when the intestate saw the train approaching, "he tried to get across the trestle and could not, and then tried to get off and got his foot hung ;" that he "saw the d—d thing coming, and tried to

get out of the way, but could not;" that he made an outcry and sound of distress, which could be heard at a considerable distance, according to one witness 800 or 900 yards; that the train was going slowly and could have been stopped within ten feet; that if the bell had been rung at the crossing, the intestate would have had ample time to have gotten off.

One witness (Smith) testified that he heard the distressing cry, got a lantern and waived it; that "if the engine had ,blown at the corporate limits, he would have had time to release McDonald; that he started as soon as he heard the outcry;" that the engineer was incompetent, "blind in one eye, and could not see well out of the other;" that the intestate was an industrious man and a skilled laborer, worth $1 per day; that he sometimes drank, but was not a drunkard; that he was sober at the time of the accident; that he was 55 or 60 years of age and in good health.

On behalf of the defendant, the evidence tended to show that the planks on the trestle were put there by defendant, not for public use, but for the employees of the road, when engaged about its business; that the defendant owned the property, and there was a notice at the gate, "*No admittance except on business;*" that McDonald was inside the gate and was drunk on the occasion of the accident; that he was in the habit of going on the track intoxicated and had been warned not to do so; that he was lying down; that if he had been standing up he could have been seen; that he himself said that "if he had not been drinking he would not have been caught there;" that he was drunk the evening of the accident, so much so that he "could hardly keep his feet;" that Wright was a competent engineer, and had always been trusted.

Wright, the engineer, testified that the head-light was burning; that he did not know whether the bell was rung or not; that "if a man had been standing up he could have

seen him 300 yards—saw no man." He afterwards said that the "bell rung at the crossing; heard cry about 100 feet off—cry of distress."

" The Court charged the jury that, as to the 1st issue, if the accident was caused by negligence of defendant, the jury should answer yes, otherwise no, and that the burden was on plaintiff to show negligence; that if train was moving three or four miles an hour, defendant not being at a crossing, it was not negligence not to ring the bell or blow the whistle, unless such failure is shown to have contributed to the injury. It would have been negligence if there had been no head-light, since by the uncontradicted evidence the track was straight for half mile, but if there was a head-light it was sufficient warning to deceased, and there could have been no negligence in failing to ring bell or blow whistle. That if the agent or engineer of company had notice from the outcry or otherwise that a human being was fastened on the track, it was negligence not to stop his train, if he had time to do so after receiving such notice, that is if he received the notice at all.

As to the 2d issue, the Court charged the failure of the engineer to sound whistle or ring bell, if such were the fact, did not relieve deceased from necessity of taking ordinary precautions for his safety. Negligence of company's employees in that particular was no excuse for his negligence. He was bound to look and listen before attempting to cross the trestle in order to avoid an approaching train, and not to walk carelessly into a place of danger. Had he used his senses he might have heard or seen the coming train. If he omitted to do so and walked thoughtlessly and carelessly on the track, he was guilty of culpable negligence and contributed to his own injury. If he did use his senses, saw the train coming or heard it, and yet undertook to cross the trestle instead of waiting for train to pass, and was injured, the consequences of the mistake cannot be cast on the de-

fendant. No railroad company can be held for a failure of experiments of that kind. But, notwithstanding the previous negligence of deceased (if the jury so find), if at the time when the injury was committed it might have been avoided by the exercise of reasonable care and prudence on part of defendant, the defendant is liable, and the jury would find second issue in favor of plaintiff. (*Davis* v. *Mann*, as cited in *Gunter* v. *Wilkes*, 85 N. C., 312.)

Plaintiff requested Court to charge:

1. If the railroad company had by long consent allowed the public to pass and repass the trestle work, then he was not a trespasser. This was given.

2. That if the engineer in charge was incompetent, or if, from the circumstances of the case, the servant of the defendant (the engineer) exhibited a careless or reckless disregard of life or limb, the defendants are liable in damages. This was given.

3. That in coming into a populous town (as is admitted in the pleadings) more care is necessary than otherwise, especially is this so when an engine is coming out of time or at an unusual hour. This was given.

4. That if the deceased was guilty of contributory negligence, and the jury believe that if ordinary care had been used or the accident might have been avoided, then, though they believe the deceased contributed to the accident, the railroad is liable. The Court gave, instead of this, the words of *Davis* v. *Mann* as quoted in *Gunter* v. *Wilkes* on top of page 312 of N. C. R.

5. That what the damages are is to be fixed by the jury, under all the circumstances of the case, the same being left largely to the common sense and discretion. This was given, the Court explaining, however, it must be restricted to actual damages, *i. e.*, the money loss, calculating the annual net earnings and expectancy of life, &c.

6. If the engineer was without head-light and did not ring the bell or blow the whistle coming into town, this of itself is evidence of negligence on the part of the railroad company, especially where human life is the forfeit of his failure to use the above ordinary care. This was given, the Court adding that it would be a circumstance (if true) to be weighed in connection with all the evidence in the case.

The defendant asked the Court to charge as follows:

"1. If the jury believe that Thomas McDonald was run over by engine of defendant at a place not a public crossing, but on private property of defendant, company would not be responsible unless engineer knew of deceased's dangerous position on the track, ' or with reasonable care and diligence might have known it.' This the Court gave adding the words in quotation marks

"4. If deceased, in attempting to get off track, caught his foot and was unable to get off, and was lying in such a position that he could not be seen by engineer, his accident was the result of his own recklessness, and company is not responsible, ' unless there was such outcry that the engineer, with reasonable care, could have prevented the accident.' This the Court gave adding the words in quotation marks.

"5. If the jury believe the statement made by deceased to plaintiff's witness, to-wit: ' I saw the damned thing coming and tried to get out of the way, but couldn't,' and ' I saw the engine coming, thought I had time to cross the trestle, found I had not, tried to get off and got my foot hung," his conduct, *as thus stated*, was contributory negligence. ' This subject, however, to the condition that the defendant, with reasonable care and prudence, could not have avoided consequence of deceased negligence.' Given after adding words in quotation marks.

"6. If the jury believe the evidence introduced by plaintiff, and the uncontradicted evidence offered by defendant, they will find that deceased was guilty of contributory neg-

ligence. This was not given, except as far as embraced in other charges given."

To the first issue the jury answered "Yes," to the second "No," and to the third "$2,000."

Judgment and appeal by defendant.

*Mr. Thos. H. Sutton*, for the plaintiff.
*Mr. Geo. M. Rose*, for the defendant.

DAVIS, J., (after stating the case). The charge of the Court was given with care, and we think stated the law fully and fairly as applicable to every view presented by the evidence. We have given it, as sent up with the case on appeal, but only two exceptions—one to the first instruction asked for by the plaintiff, which was given, and the other to the 6th instruction asked for by the defendant, which was refused— were insisted upon in this Court, and as the other exceptions were not pressed, we dispose of them by saying that they were of no avail.

1. The defendant says that the plaintiff's intestate was a "trespasser," and being wrongfully on the defendant's road, the injury was the result of his own wrong. For this position many authorities are cited, and especially *Bacon et al.* v. *Balt. and Pot. R. R. Co.*, 15 Am. and Eng. R. R. Cases, 409, and the note in which many cases are cited to the effect that persons walking on the track of a railroad are trespassers, and generally considered to be guilty of such contributory negligence as to bar a recovery of damages for injuries sustained while so trespassing. We think that upon a careful examination of the cases cited by counsel for the appellant, it will be found that in most of them the injury was the result of contributory negligence of the party injured proximately causing it, and not resulting directly from the negligence of the defendant, and where they have gone beyond this, they

20

are not in accord with the rulings of this Court, nor in harmony with the current of authority.

In *Byrne* v. *N. Y. Cen. and Hudson R. R. Co.*, 104 N. Y., 362, (58 Am. Reps., 512,) it was said, "that when the public, for a series of years, had been in the habit of crossing the railroad, the acquiescence of the defendant in the public use amounted to a license or permission to cross at the point, and imposed the duty upon it, as to all persons so crossing, to exercise reasonable care in the movement of its trains, so as to protect them from injury," and this position is supported by abundant authority.

But even if he were a trespasser, we do not assent to the idea that the company is thereby released from reasonable care.

In *Vicksburg and Meridian R. R. Co.* v. *McGowan*, 62 Miss., 682, CAMPBELL, C. J., says: " One may be technically a trespasser, and if he uses due care to avoid injury from the wrongful act of another, he may recover; and he may not be a trespasser, and yet guilty of such contributory negligence as to preclude him from recovering."

He says: " The criterion is whether he observes due care, under the circumstances of his situation, whatever it may be, to avoid harm from the act complained of."

To constitute such contributory negligence as will defeat a recovery, it must be the *proximate* and not the *remote* cause of the injury. In *Bal. & Ohio R. R. Co.* v. *Trainer et al.*, 33 Maryland, 542, it is said: " By 'proximate cause,' is intended an act which directly produced, or concurred directly in producing the injury. By 'remote cause,' is intended that which may have happened, and yet no injury have occurred, notwithstanding that no injury could have occurred, if it had not happened. No man would ever have been killed on a railway if he had never gone on or near the track. But if a man does imprudently and incautiously go on a railroad track, and is killed or injured by a train of

cars, the company is responsible unless it has used reasonable care and caution to avert it, provided the circumstances were not such, when the party went on the track, as to threaten direct injury, and provided, that being on the track, he did nothing, positive or negative, to contribute to the immediate injury."

In *H. & T. C. R. R. Co.* v. *Symkins,* 54 Tex., 615, it is said, "that a reasonable lookout, varying according to the danger and surrounding circumstances, is a duty always devolving on those in charge of a railway train in motion, and railway companies are bound to exercise due care to avoid injury to others, and a failure to do so will render them liable for injuries, resulting even to a trespasser, who has not been guilty of contributory negligence."

In *Parker* v. *Railroad,* 86 N. C., 221, relied on by defendant, the deceased could, by using ordinary care, have avoided the injury, and the defendant could not stop the engine in time to prevent it.

We conclude that there was no error in giving the instruction complained of.

2. The second exception relied on here, was to the refusal to give the 6th instruction asked for by the defendant. This instruction "was not given except as far as embraced in other charges given."

There was evidence tending to show that the negligence of the defendant was the direct and proximate cause of the injury; and there was evidence tending to show that the deceased, being on the track, under the circumstances detailed in evidence, (which was not *per se* such contributory negligence as relieved the defendant from liability for failure to use ordinary care), could not avoid the injury.

These questions were left fairly to the jury, and we can see no error in the instructions of the Court excepted to, or in refusing those asked or denied.

There is no error.