## NOYES v. SOUTHERN PACIFIC RAILROAD COMPANY.*

No. 13,840; October 8, 1890.

24 Pac. 927.

Railroad—Accidents to Persons on Track.—In an action against a railroad company for the wrongful death of an employee of one of its contractors, it appeared that deceased, with the knowledge and consent of the company, was walking to his work on the right of way, in a narrow place between a bluff and the sea traversed by two parallel tracks, with knowledge that two locomotives, one on each track, would shortly follow him in the same direction; that he received warning by the bell of one, and then perceived that they were approaching at such relative rates of speed as would probably bring them together at the moment of passing him; that he at first took refuge between the tracks where there was barely room to escape unharmed, but a moment later attempted to cross the track toward the bluff, where there was ample room, and was struck and killed while so doing. Held, he was guilty of contributory negligence, and a nonsuit was properly directed.

APPEAL from Superior Court, Contra Costa County.

*For subsequent opinion in bank, see 92 Cal. 285, 28 Pac. 288.

Henry C. McPike and D. M. Delmas for appellant; L. D. McKissick and Fred B. Lake (Harvey S. Brown of counsel) for respondent.

WORKS, J.—This is an action by the appellant, as administrator, against the respondent for damages for injuries resulting in the death of Manuel F. De Mattos. The evidence on the part of the plaintiff being in, the defendant moved for a nonsuit, which was granted. The only question on this appeal is as to the correctness of this ruling. The facts disclosed by the pleadings and evidence are substantially as follows: The defendant owned and operated a railroad. At a point on its road, between Port Costa, and what was known as the "Nevada Docks," there was a double line of tracks. The road at this point ran along the straits of Carquinez, and the width of the roadway was about twenty-four feet; on one side of the two tracks, and about four feet from the end of the ties, was a steep bluff rising from the roadbed, and on the other side the ends of the ties projected to the water's edge. There was a space of eight feet between the rails of the two tracks in the center. One Edgar De Pue had been for more than two years engaged by the defendant as a contractor to load and unload its cars at the Nevada docks. In doing this work he kept in his employ a large number of men, many of whom resided at Port Costa. The roadbed of the defendant furnished the only convenient way for foot-passengers between these two points, and the men who lived at Port Costa had for a long time been accustomed to and did pass along this roadway daily, in going to and coming from their work. To facilitate the operation of loading and unloading the cars, the defendant had been in the habit of sending, daily, two locomotive engines from Port Costa to the docks. On their way to the docks, the locomotives frequently carried some of the workmen, and others would walk along the roadway of the defendant. On the morning of the accident, resulting in the death of De Mattos, a crew of men, under De Pue, started for Port Costa for their work at the docks. They were accompanied, as usual, by two locomotives. Some of the men took the locomotives, but about twenty others, including De Mattos, started on ahead of the engines on foot. They had gone but a short distance when they were followed by one of the

engines, on the switch-track, running at a slow rate of speed. They were overtaken while traveling the narrow part of the roadway above mentioned. They were warned of the coming of the first engine by the sound of its bell, and then beheld the second engine coming at a much greater rate of speed about forty yards distant. It was reasonable to suppose that at the rate the two engines were coming they would be abreast of each other at about the point where the men were, and both of the tracks, and much of the space of the roadway, be thus taken up. The men were called upon to save themselves by some means without delay. Most of them succeeded in reaching the space between the track on the land side and the bluff, and were saved. One of their number jumped into the water on the other side, and escaped with but slight injuries; two others chose to occupy the space in the center between the tracks, and one of them was struck by one of the engines but not injured. De Mattos was in this space between the tracks, and, if he had remained there, would have escaped, but when the second engine was nearing him he made the hazardous attempt to cross in front of it, evidently with the intent to reach the space near the bluff, and in the attempt was struck by the engine, run over, and killed. As the second engine was coming, the track upon which it was moving was clear until the deceased stepped upon it, and then it was too late to stop the engine in time to save him. It is contended by the appellant that, the roadway having been used for so long a time by foot-passengers, it must be presumed that it was so used with the consent and acquiescence of the railroad company, and that therefore the deceased was not a trespasser, or wrongfully upon the respondent's roadway, and not guilty of contributory negligence, and that, for the same reason, the employees of the company were guilty of negligence in not sounding the bell of the engine, and in running at too high a rate of speed. It may be conceded for the purposes of this case that the continued use of the roadway of the respondent as a footway was sufficient to establish the fact that it was being so used with the consent and acquiescence of the company, and that therefore the deceased was not a trespasser. There are authorities holding such a doctrine: Delaney v. Railroad Co., 33 Wis. 67, 70; Troy v. Railroad Co., 99 N. C. 298, 6 Am. St. Rep. 521, 6 S. E. 77; Davis v. Railroad

Co., 58 Wis. 646, 46 Am. Rep. 667, 17 N. W. 406. But, if this be conceded, it does not follow that the deceased was not guilty of negligence. The evidence shows conclusively that he started out on the roadway knowing that the two locomotives would follow immediately. It was also known by the employees in charge of the engines that the workmen were in front of them. The first engine warned the men of their coming. As the second engine came on, the track upon which it was moving was clear, and the men had notice of its coming. The engine was not running at an unusually high rate of speed—some of the witnesses say not more than ten miles an hour. Conceding that the deceased was rightfully on the roadway, it was not necessary that he should have been on the track upon which the locomotive was coming, and as he had knowledge that the engine was following, and must necessarily overtake him on the way, it was negligence for him to travel on the track, or to attempt to cross the track in front of the moving engine. There was evidence sufficient to show that there was ample room for him to have traveled along the roadway, either between one of the tracks and the bluff or between the two tracks, and that, if he had done so, he would not have been injured. It is true, as counsel for appellant contend, that when the danger was upon him, and he was called upon to act instantly, and without time to reflect and choose the safest means of escape, it was not negligence on his part that he made a mistake in attempting to cross in front of the engine: 1 Shear. & R. Neg., sec. 89; Karr v. Parks, 40 Cal. 188, 193; Lawrence v. Green, 70 Cal. 417, 421, 59 Am. Rep. 428, 11 Pac. 750; Smith v. Railway Co., 30 Minn. 169, 14 N. W. 797; Wilson v. Railroad Co., 26 Minn. 278, 37 Am. Rep. 410, 3 N. W. 333. But this doctrine only applies where the party injured is placed in imminent peril without his fault. Such was not the case here. The deceased, knowing that the engines were following him, if he had acted the part of a prudent man, would not at the time of their coming, have been in a position where he would have to run risks in attempting to escape. He could have been in a place on the roadway where no choice, in the face of imminent danger, would have been necessary. His negligence consisted, not in mistaking the safest means of escape from danger, but in placing himself, beforehand, where a choice of different means of escape be-

came necessary. It seems to us, also, that the very same facts which show that the deceased was negligent show also that the employees of the respondent were not guilty of negligence. They knew that the men who had preceded them had knowledge of their coming, and had a right to suppose that they would not be on either of the tracks when there was room for them to pass along safely at the side of the track. Besides, the evidence shows that, up to the instant the deceased was struck by the engine, the track upon which the engine was moving was clear, and there was no apparent reason for stopping or slowing up. The men in charge of the locomotive could not be expected to anticipate the fact that the deceased, who was then in a place of safety between the tracks, would place himself in danger by stepping in front of the engine. We think the nonsuit was properly granted. Judgment affirmed.

We concur: Fox, J.; Paterson, J.