## FRED EVERTSON v. JOHN McKAY and Another.[1]

January 9, 1914.

Nos. 18,294—(141).

**Assault and battery — pleading.**

1. A general allegation of permanent injury resulting from an assault and battery alleged to have been committed upon plaintiff by defendant, *held* sufficient to admit evidence of the nature and character of the injury so claimed to be permanent.

**Same — motion to make more specific.**

2. The proper practice in such a case, where the general allegation is deemed insufficient, is to move the court for more specific allegations.

**Justification — refusal to charge.**

3. The defense to the action was, both by the answer and the evidence on

[1] Reported in 144 N. W. 950.

---

Note.—The authorities on the right to use force to recover possession of chattel are reviewed in notes in 3 L.R.A.(N.S.) 251 and 19 L.R.A.(N.S.) 606.

the trial, a denial of the allegations of the complaint and of the evidence of plaintiff; no justification was pleaded or attempted to be made on the trial. It is *held* that the court did not err in refusing to instruct the jury upon the subject of justification as requested by defendants.

**Misconduct of jury.**

4. There was no abuse of discretion in denying a new trial on the ground of misconduct of the jury.

**Quære.**

5. When and under what circumstances, if at all, the owner, using no more force than is necessary, may forcibly repossess himself of personal property which has been wrongfully and unlawfully taken from him by a thief or other wrongdoer, *quære?* The question is not presented by the facts of this case.

Action in the district court for St. Louis county to recover $2,000 damages for assault and battery. The case was tried before Dancer, J., and a jury which returned a verdict for $1,200 in favor of plaintiff. From an order denying their motion for a new trial, on condition plaintiff consented to a reduction of the verdict to $850, defendants appealed. Affirmed.

*John A. Keyes* and *Bert W. Forbes,* for appellants.
*Warren E. Greene* and *John H. Norton,* for respondent.

BROWN, C. J.

Action for damages for an alleged assault and battery committed by defendants upon plaintiff, in which plaintiff had a verdict and defendants appealed from an order denying a new trial.

It appears from the evidence that all the parties were fishermen, engaged in their occupation along the north shore of Lake Superior, in the vicinity of Grand Marais, in Cook county. Defendants Lemiere and plaintiff, who were working together, resided at Clark's Bay, and defendant McKay resided upon an island not far from the bay, and they were neighbors and friends. On the day complained of, October 25, 1911, plaintiff and Lemiere, in a fishing boat owned by the latter, went to the residence of McKay, for the purpose, as testified by plaintiff, of buying some liquor which McKay kept for sale. They arrived there some time in the afternoon, and each took several

drinks of whisky. At about six o'clock, plaintiff and Lemiere started for home, but upon reaching the lake shore where their boat was anchored Lemiere, at the request of McKay, returned to the house of the latter where they remained for about two hours. Plaintiff became impatient waiting for Lemiere, and finally at about 8 o'clock in the evening took the boat, which belonged to Lemiere, and started for home. He was soon overtaken by both defendants and, if his testimony be true, was violently assaulted by Lemiere under the encouragement of McKay. He was struck over the head with a large oar and knocked unconscious, after which Lemiere entered the boat and rowed it back to the McKay landing. Defendants assisted plaintiff into the house and put him to bed. He was bleeding from the wounds inflicted upon him, and he was later the same evening taken by Lemiere to their home at Clark's Bay. The evidence offered by defendants, as to the alleged assault, is flatly contradictory of that offered by plaintiff. Defendants deny that any assault whatever was committed upon plaintiff. Their evidence corroborates that of plaintiff in so far as concerns the act of plaintiff in taking the boat, and it was conceded by them that they started in pursuit for the purpose of retaking the same. But they insisted on the trial that no assault was committed upon the plaintiff, and that the injury of which he complains was received by plaintiff falling headlong in the boat, striking his head upon the side thereof. It is claimed that plaintiff was standing in the boat, and in a manner threatening to strike Lemiere with an oar, when a swell in the lake caused plaintiff to fall, and that he in this manner and no other received his injury.

1. This in brief states the case from the view-point of the respective parties. The truthfulness of the witnesses was for the trial court and jury. The jury gave credit to the testimony of the plaintiff, and the trial court approved their conclusion. In this situation of the case, in disposing of the contention of defendants that the evidence is insufficient to sustain the verdict, we simply say that the record has been examined with care, with the result that we find no sufficient reason for interference.

2. The principal injury to plaintiff was from a blow struck by Lemiere with an oar upon plaintiff's ear which, plaintiff claims, perma-

nently impaired his sense of hearing. Evidence tending to show this was objected to by defendants, on the ground that it was not pleaded in the complaint. The rulings of the court admitting the evidence are assigned as error. The contention is that an injury of this kind should be specifically set forth in the complaint, and that the absence of such allegation is fatal to the right of plaintiff to recover for the impairment of his hearing. In this we are unable to concur. The complaint pleaded generally "that said defendants then and there inflicted grievous bodily harm upon the plaintiff, and so beat and wounded him as to permanently disable him, and caused him great pain and suffering." We have held that allegations of this general nature are sufficient as against a general demurrer. Casey v. American Bridge Co. 95 Minn. 11, 103 N. W. 623, 624. And evidence of nervous prostration was held admissible under similar allegations in Babcock v. St. Paul, M. & M. Ry. Co. 36 Minn. 147, 30 N. W. 449. Unless we are to overrule these decisions, the complaint must be held sufficient to admit the evidence complained of in the case at bar. If general allegations of this kind are deemed by counsel insufficient or indefinite in respect to the precise nature of the injury, the remedy is by motion for more specific allegations. Where defendant permits the complaint to remain unchallenged until the trial of the action, he must be deemed to have waived the objection that it does not definitely point out the nature of the injury for which damage is sought. There may be decisions in other states—counsel cite some of them—where a contrary rule is applied, but we discover no reason for departing from the rule of the decisions of this court in the cases above cited, and we follow and apply the same. The allegation of this complaint was that plaintiff had been permanently disabled, and it is clear that an order of the court requiring the complaint to be made more definite and specific would have made it incumbent upon plaintiff to specifically allege in what the permanent disability consisted.

3. Defendants requested the court to charge the jury that since the boat belonged to defendant Lemiere, he, with defendant McKay, had the right to pursue plaintiff and retake the same, using such force as was reasonably necessary for the purpose. The court re-

fused to so charge and of this defendants complain. In this we find no error. As applied to the issues litigated, the refusal to so instruct the jury was correct. It probably is the law that the owner of personal property which has been wrongfully and unlawfully taken from him may, in a particular case, forcibly retake it from the wrongdoer, using no more force than is necessary for the purpose. In other words, that this statement may not be construed too broadly, where the owner sees a thief steal and make off with some valuable article of personal property, he may pursue the thief and retake his property, using no more force than is necessary, and not submit to the delay incident to suing out a writ of replevin. But the rule does not apply to all cases of wrongful taking of property. Stanley v. Payne, 78 Vt. 235, 62 Atl. 495, 3 L.R.A.(N.S.) 251, 112 Am. St. 911. Conceding that the rule in the limited application stated is the law of this state, it has no proper application to the facts here before the court. In addition to the fact that no element of theft entered into the act of plaintiff in taking the boat under the circumstances stated, the particular question was not presented by the pleadings nor was it litigated on the trial. The defense to the action was denial of the alleged assault, and it was not claimed in the answer or in the testimony of defendants that defendants or either of them were justified in committing the same for the purpose of reclaiming the boat. The defense was not one in justification, but solely in denial. In this situation the rule justifying the retaking of personal property wrongfully taken from the owner, if applicable in this state to any extent further than stated, was not involved in the issues and the court properly rejected the requested instruction.

4. Among other grounds of defendants' motion for a new trial was misconduct of the jury, by reason of which it is claimed defendants were prevented from having a fair trial. In support of the motion in this respect certain affidavits were offered which tended to show that one of the jurors, who had stated, when questioned touching his qualifications as a juror, that he did not know plaintiff, slept with plaintiff at the hotel after the verdict had been rendered, and that the same juror after the trial was seen drinking with plaintiff at a saloon. It is doubtful whether a showing of this kind, though

undisputed in essential respects, would justify the court in granting a new trial. We do not determine the question, for the charge that the juror talked or permitted others to talk to him about the case pending the trial was expressly denied. A conversation about some other case was admitted, but denied as to this case. It was also admitted that after the trial this juror became acquainted with plaintiff, "took a drink with him" and occupied the same bed at the hotel, but any prior acquaintance was denied. The affidavit, being conflicting upon the essential points tending to show misconduct, presented an issue of fact for the trial judge. We discover from the record no sufficient reason for disagreeing with his conclusion or declaring that it was an abuse of discretion to deny a new trial.

5. The other assignments of error do not require special mention. We have considered them all, with the result that no reversible error appears. The damages, though perhaps large, as reduced by the trial court seem not out of commensurate proportion to the injury complained of, and cannot be by us held excessive to the extent that a new trial should be granted. In view of the fact that the defense to the action was simply a denial of the assault, it seems clear that the court did not err in rejecting evidence offered by defendants to the effect that plaintiff had certain peculiar traits of character. Such evidence would have no tendency to discredit plaintiff as a witness or justify the assault.

Order affirmed.