## CAROLINE SEITH v. MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY.[1]

### June 30, 1916.

### Nos. 19,770—(164).

Carrier — evidence admissible under specific allegations of complaint.

1. There was no error in the ruling of the trial court on the admission of evidence.

**Damages not excessive.**

2. The damages are not excessive.

Action in the district court for Rice county to recover $10,250 for personal injury received while a passenger upon defendant's train. The case was tried before Childress, J., and a jury which returned a verdict for $3,000. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.

*M. C. Tifft* and *M. L. Ellis,* for respondent.

BUNN, J.

In this personal injury action there was a verdict for plaintiff in the sum of $3,000, and defendant appeals from an order denying a new trial.

Liability was and is admitted by defendant. The appeal is based upon alleged errors in the admission of evidence, and upon the claim that the verdict is excessive. The chief errors claimed consist in permitting plaintiff and a medical witness to testify that she had trouble after the acci-

[1]Reported in 158 N. W. 611.

Note.—For an elaborate review of all the authorities on excessiveness of verdicts in actions for personal injuries other than death, see note in L.R.A. 1915E, 30.

dent with her stomach, and with her hearing, over objections made on the ground that the complaint did not specify any injury to these organs. We find no merit in this contention. The complaint alleged that the collision caused injuries of a grave nature, in that a wrench or sprain of the sacro-iliac joint was caused, also contusion of the spine, and traumatic sciatica; that plaintiff's entire system sustained a severe shock; that her injuries were of such a nature as to cause permanent disability; that the exact extent thereof was unknown to plaintiff; that she was and is unable to sleep nights, suffers intense pain, and has been permanently disabled from attending to her ordinary duties. While injury to the stomach is not specifically pleaded, nor is impairment of hearing, there is no difficulty in holding that the evidence was admissible under the general allegations referred to. Smith v. St. Paul, M. & M. Ry. Co. 30 Minn. 169, 14 N. W. 797; Babcock v. St. Paul, M. & M. Ry. Co. 36 Minn. 147, 30 N. W. 449.

There was no reversible error in overruling an objection to a question asked of an expert witness on the ground that it did not properly state the evidence. There was no material misstatement.

We have examined the record with reference to the question of damages, with the conclusion that the sum awarded is not so clearly excessive as to warrant our interference with the verdict after the trial court has approved it.

Order affirmed.