DAN Y. STICKNEY v. THE TOWN OF MAIDSTONE.

*Liability of towns for injuries occasioned by defects in highways and bridges. Remote and proximate cause.*

As the plaintiff was driving in the town of M. over a bridge which the town were obliged by law to keep in repair, the horse driven by him, owing to a defect in the bridge, broke through it and became so fastened therein that he could not extricate himself without assistance. While the plaintiff was rendering such assistance he was injured by the horse in his efforts to extricate himself. *Held* that the town was liable for such injury.

CASE to recover damages sustained by the plaintiff, by reason of the alleged insufficiency of a highway in the town of Maidstone Plea the general issue and trial by jury at the March Term, 1858,. —POLAND J. presiding. The plaintiff gave evidence tending to prove that in October 1856, while driving in a one horse wagon, in company with his wife, in the town of Maidstone, in passing over a small stream, which the highway crossed, over a small bridge which had become rotten and unsafe, the horse broke through the bridge so far that both his hind legs became fastened therein, and he was wholly unable to extricate himself; that the plaintiff got out of the wagon, and, seeing that he would be unable to extricate the horse without assistance, sent his wife to the house of one Taylor, a near resident, to procure assistance; that Taylor came and assisted in disengaging the wagon from the horse and removing it; whereupon the plaintiff made efforts to assist the horse out of the

Stickney *v.* Town of Maidstone.

birdge, and finally succeeded in getting the horse out, but it was mainly done by the strength and struggles of the horse. The plaintiff gave evidence tending to prove that while he was attempting to disengage the horse from the bridge, the horse in his struggles struck the plaintiff in the stomach with his head and hurt him severely, and that this injury occasioned a protracted lameness, and also that when the horse finally succeeded in springing out of said bridge he struck the plaintiff's ankle with one of his feet and hurt and lamed the plaintiff. The defendant claimed and requested the court to charge the jury that the plaintiff's injury was not so directly produced by, or the result of, the defect in the highway as to entitle him to recover of the town. But the court charged the jury that if the bridge was defective and insufficient, and the horse got into the bridge in consequence of such defects, and it became necessary for the plaintiff to assist in extricating the horse from the bridge and in doing so the plaintiff exercised reasonable care and prudence, and while so assisting the horse he sustained such injuries as his testimony tended to prove, they were to be regarded as damages sustained by him by reason of the insufficiency of the highway, for which the plaintiff was entitled to recover.

To this part of the charge the defendants excepted. It was not denied by the defendants that the road and bridge in question was one that the town was bound to keep in repair, nor was it denied that the horse broke through the bridge on account of its insufficiency and without any fault on the part of the plaintiff.

The jury returned a verdict for the plaintiff,

*E. A. Cahoon,* for the defendants, cited *Halbert* v. *Groves,* 1 Esp. 148; *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114; *Hyde* v. *Jamaica,* 27 Vt. 443, and cases there cited; *Tisdale* v. *Norton,* 8 Met. 388.

———— ————, for the plaintiff, cited *Shepherd* v. *Scott,* 2 W. Black. 892; *Powell* v. *Deveney,* 3 Cush. 300; *Lund* v. *Tyngsboro,* 11 Cush. 563.

The opinion of the court was delivered by

PIERPOINT J. This is an action brought to recover damages

for an injury sustained by the plaintiff in consequence of the insufficiency of a highway in said town.

No question is raised by the counsel for the defendant, or the case, as to the liability of the town to maintain the road, or its insufficiency.

But it is insisted that the insufficiency of the highway was only the remote, and not the direct and immediate cause of the injury, and that for such reason the plaintiff is not entitled to recover.

The doctrine is well settled in this state that to make the town liable for an injury occasioned by the insufficiency of a highway, it must appear that the *insufficiency* was the *proximate* cause of the injury ; that the statute, on which the right to recover is founded, only gives a remedy where the injury is direct to the person or property of the traveler, and the defect in the highway is the immediate and not the remote cause of it. This doctrine is expressly recognized in *Baxter* v. *the Turnpike Co.*, 22 Vt. 114, and *Hyde* v. *Jamaica*, 27 Vt. 443, referred to in the argument.

The question to be determined by the court is, do the facts detailed in the bill of exceptions bring this case within the rule established in those cases ? or in other words, was the insufficiency of the highway the direct and immediate cause of the injury sustained by the plaintiff ?

It appears from the case, that as the plaintiff was traveling along the highway in question, in a one horse wagon, the bridge broke and let the hind legs of the plaintiff's horse through the bridge so that the horse was unable to extricate himself ; that, as soon as the plaintiff could obtain the necessary assistance, he set about getting the horse out of the bridge, and while doing so, was injured by the horse in his efforts to free himself.

On these facts it is urged, that the injury did not result immediately from the defect in the bridge, but remotely, and that the immediate cause was the struggles of the horse; that if he had suffered the horse to remain, without attempting to get him out, he would not have been injured ; that he was under no legal obligation to attempt to save the horse, and having volunteered to do so, he must take the risk of any injury that might result therefrom. This argument would have equal force if the plaintiff himself had been thrown through the bridge, and left in the same position,

Stickney *v.* Town of Maidstone.

without injury in the first instance, but in freeing himself from the dilemma, had broken his arm, or his leg; yet in such case the defendant would hardly claim that, inasmuch as he was under no legal obligations to get out, and might remain there, his attempt to extricate himself was voluntary, and therefore he must take the risk of all reasonable, judicious and prudent efforts for that purpose.

We think that the rule claimed by the defendant is quite too narrow to be sustained upon sound principle or authority. It was clearly the *duty* of the plaintiff, both morally and legally, to use all reasonable and proper means to save the horse. It was his duty to the town so to do, and if he had neglected to make the effort, the town would have had reason to complain. But whatever may have been his duty under the circumstances, he clearly had the right to make all such proper and judicious efforts as were required to immediately relieve himself and his property from the position into which he had been thrown by reason of the defect in the bridge, and while doing so he must be regarded as acting under the direct and immediate force of the first cause, which made such efforts necessary, and until that end is accomplished, the town must be responsible for such injuries as ensue.

The extent to which the first and proximate cause shall be said to operate, so as to procure direct and immediate results, must depend upon the peculiar circumstances of each particular case. It would be extremely difficult to lay down any rule defining the precise line that divides the proximate from the remote cause, which would operate justly in all cases. But we think it clearly safe to say, that, in a case like the present, the first cause does not cease to be the direct and proximate cause, until the party shall have released himself or his property from the imminent and immediate peril directly occasioned by such cause.

The cases, to which the defendant's counsel has called our attention in support of his views, are distinguished from the one at bar by the fact, that, in all those cases, the insufficiency of the highway was not the acting cause of the injuries, but in consequence of such insufficiencies the parties were induced, voluntarily, to deviate from the highway, and travel over other grounds, and the injuries occurred while they were thus traveling out of the highway.

Stickney *v.* Town of Maidstone.

The *proximate* cause was the obstruction they encountered out of the highway — the *remote* cause was the *insufficiency of the highway*, and for that reason the towns were held not responsible.

In this case the accident, from which the injury resulted, was caused directly by the insufficiency of the highway, and on the very principles recognized in those cases we think the town should be held liable. The injury resulted from, and was a part of, the same transaction commencing with the breaking of the bridge and terminating with the extrication of the horse.

The judgment of the county court is affirmed.