## George A. Page *vs.* Bucksport.

*Proximate cause—what is.*

The plaintiff was driving over a defective bridge in the defendant town, when without his fault the horse broke through the bridge and fell. The plaintiff in trying to extricate the horse received a blow from the horse's head and was injured by it. He was at the time exercising ordinary care. *Held,* that the defect in the way was the proximate cause of such injury.

On exceptions.

This was an action for damages from an injury alleged to have been caused by a defect in a highway in Bucksport.

There was evidence tending to show that the plaintiff was riding over a bridge in that town, when his horse broke through the bridge and fell; that the plaintiff being uninjured by such fall, jumped from his gig and immediately proceeded to extricate the horse; and that while so doing he was struck by the horse's head, (in the animal's struggle to free himself) and was injured.

The only instruction objected to was as to the rule of damages, which was given, *pro forma,* as follows:

"That if the horse fell into the bridge, as contended by the plaintiff, and the plaintiff had good reason to believe that by his

own exertions he could·extricate the horse, and thereby lessen the injury likely to ensue to him, and he immediately attempted to do so, acting with what, under the circumstances of the situation would amount to common care and prudence upon his part, while endeavoring to accomplish it; and while thus engaged was struck by the horse's head so as to inflict an injury upon his person, in such case the town would be liable for such injury, providing the plaintiff is entitled to recover upon the other instructions given."

To which instruction the defendants excepted, a verdict having been given against them.

*T. C. Woodman* and *Hale & Emery* for the defendants, contended that the defect in the bridge was not "the proximate cause" of the injury, citing the definition of that term from various cases, especially from those relating to marine insurance, said by Shaw, C. J., to be analogous to road cases in that there were loss and injury without moral turpitude. *Marble* v. *Worcester*, 4 Gray, 395. Broome's Leg. Max., 166, 167, and cases cited. *Livie* v. *Janson*, 12 East, 648; *Carrington* v. *Roberts*, 2 Bos. & Pul., 378; *Dyer* v. *Piscataqua Ins. Co.*, 53 Maine, 118 and cases cited.

As the injuries happened without their being intended by the defendants, such cases must be brought within the letter of the statute. *Moulton* v. *Sanford*, 51 Maine, 127; 4 Gray, 395; *Jenks* v. *Wilbraham*, 11 Gray, 143; *McDonald* v. *Snelling*, 14 Allen, 290; *Davis* v. *Dudley*, 4 Allen, 560.

*Arno Wiswell* for the plaintiff, cited *Willey* v. *Belfast*, 61 Maine, 574; *Verrill* v. *Minot*, 31 Maine, 299; *Stover* v. *Bluehill*, 51 Maine, 439; *Eastman* v. *Sanborn*, 3 Allen, 594; *Tuttle* v. *Holyoke*, 6 Gray, 447; *Lund* v. *Tyngsboro*, 11 Cush., 563; *Stickney* v. *Maidstone*, 30 Vt., 738. It was the plaintiff's duty to try and extricate the horse, and he can recover for injury sustained in the effort. *Douglass* v. *Stephens*, 18 Misso., 362; *Illinois Cent. R. R. Co.* v. *Finnegan*, 21 Ill., 646.

PETERS, J. The plaintiff was driving with a horse and gig over a defective bridge in the defendant town when the horse broke

through the bridge and fell. The plaintiff immediately jumped from his gig and undertook to extricate the horse from the hole in the bridge. In doing so, in the struggle of the horse to free himself, he was struck by the horse's head and personally injured thereby. He was at the time of the injury in the use of common care.

The question is, whether the defect in the way can be considered as the direct and proximate cause of the injury complained of. The defendants contend that it was not. Their counsel attempt to fortify this position by many plausible and interesting illustrations. There may be a good deal of subtlety and refinement of argument upon questions of this kind. There can be no fixed and immutable rule upon the subject that can be applied to all cases. Much must therefore, as is often said, depend upon the circumstances of each particular case.

Upon the facts of this case, we think that the defect in the way was the proximate cause of the injury, and that the defendants are liable for the damages sustained. The foundation of this liability, is the services rendered or attempted to be rendered by the plaintiff for the benefit of the town, when the injury was received. The law required such services of the plaintiff. It was his duty to save the horse if possible. He would have been guilty of negligence towards the town if he had failed to make all reasonable attempts to do so. It is a general rule of law, that, where a person may sustain an injury by the fault of another, common care should be used upon his part to render the injury for which the party in fault is responsible as light as possible. He may be compensated for an injury received when in the exercise of such care and prudence, although a mistake may be made. In *Lund* v. *Tyngsboro*, 11 Cush., 563, it was held that a town was liable to a traveller who in the exercise of common care and prudence, leaps from his carriage because of its near approach to a dangerous defect in the highway and thereby sustains an injury, although he would have sustained no injury if he had remained in the carriage. The same principle was established in *Ingalls* v. *Bills*, 9 Metc., 1 ; and the same doctrine was applied to the facts in the

case of *Stover* v. *Bluehill*, 51 Maine, 439. The defendants however seek to distinguish those cases from this. They admit that such a doctrine would be applicable if the injury had happened here to the horse instead of to the driver. But we do not perceive that there would be any difference upon principle, whether the injury was to the plaintiff's person or his property. The accident to the horse was an injury sustained by the owner of the horse. The plaintiff was attempting to relieve himself of an injury to his horse and thereby of an injury to himself, when the horse in his struggles struck him with his head. This view of the facts is supported by the case of *Stickney* v. *Town of Maidstone*, 30 Vt., 738, cited upon the plaintiff's brief, which is as near a copy of the facts in this case as two cases could well be alike. We think that all which took place at the time of the accident was, as between these parties, but a single happening or event. It was but one accident. *Exceptions overruled.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.