## JOHN F. HUNT *vs.* CITY OF SALEM.

Essex. November 9. — 10, 1876. COLT, DEVENS & LORD, JJ., absent.

In an action by a boy eight years old against a city, to recover for injuries occasioned by a defect in the highway, it appeared that the plaintiff, on his return from carrying dinner to his father, crossed the way to look at some toys in a window over a grating in the sidewalk, and, as he turned away, his foot slipped into the grating, causing the injuries. *Held,* that the questions whether, at the time, he was travelling upon the highway, and was using due care, were for the jury.

TORT for personal injuries occasioned by an alleged defect in a way in Salem called Front Street, which the defendant was bound to keep in repair. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

It appeared in evidence that there was at the time of the accident a semi-circular aperture or cellar way in the sidewalk of said street, about four and a half feet long and two feet wide at the widest part, which was covered by a grating. This grating was formed by iron bars running at right angles with the sidewalk, and distant from each other in some cases three and in others three and a half inches, and over these were placed three iron bars running parallel with the course of the sidewalk. The curved side of the cellar way was turned towards the street, and the straight side was coincident with the line of the building over the cellar. Of the bars last named the one nearest the building was about nine inches distant therefrom.

The plaintiff, who was a boy about eight years old at the time of the accident, which occurred on February 17, 1875, testified that on that day he had been sent to carry dinner to his father, who was at work on Front Street, and, upon his return home, after seeing his father, as he was going down upon the right hand of Front Street, which was the side nearest his home, his attention was attracted by some toys in a window in a shop upon the opposite side of the street, which window was directly above the grating referred to, and he immediately crossed the street and stood in front of the window looking at the toys for some four or five minutes, and, in turning to come away, his foot slipped into the grating between the innermost cross bar and the building, causing the alleged injury.

The defendant requested the judge to rule as follows: " 1. The plaintiff has failed to produce evidence tending to show that he was in the exercise of due care when the accident occurred. 2. The plaintiff at the time of the accident was not in the exercise of his rights as a traveller."

The judge declined so to rule, but instructed the jury that in this case the question of due care on the part of the plaintiff, and the question whether or not he was a traveller, were questions of fact for them, and that there was evidence upon both

points for them to consider; and upon these points gave them instructions, to which no exceptions were taken except as above. The jury found for the plaintiff; and the defendant alleged exceptions.

*J. A. Gillis*, for the defendant.

*S. B. Ives, Jr.*, for the plaintiff, was not called upon.

BY THE COURT. The injury having happened while the plaintiff was moving onward, and all the attending circumstances being disclosed by his testimony, the questions whether, at the time, he was travelling upon the highway, and was using **due** care, were rightly submitted to the jury.

*Exceptions overruled.*