JOSEPH GRAHAM vs. CITY OF BOSTON.

JOHN HARKINS vs. SAME.

JAMES McGONIGLE vs. SAME.

JOHN McGONIGLE vs. SAME.

Suffolk.    November 20, 1891. — February 26, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Traveller.*

Four minors were on their way home, playing tag as they went. Having stopped to get breath, one of them walked away from the rest straight ahead, the others not being in pursuit of him, and came in contact with a dead wire hanging across an electric wire, and an electric current passed into his body. The other boys went to his assistance and all received bodily injuries. *Held*, that there was evidence to justify the finding of the court that they were all travellers, within the meaning of the Pub. Sts. c. 52, § 1.

FOUR ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs by coming in contact with a dead wire hanging within a few feet of the ground across an electric wire in the street of the defendant city. The cases were tried together in the Superior Court, before *Dunbar*, J., who reported them for the determination of this court.

The report recited the following facts. The plaintiffs, all minors, were on their way home from Warren Bridge, at about nine o'clock in the evening of October 7, 1889, playing tag as they went. There was evidence tending to show that, just before the injuries were received, they had stopped to get breath, Graham testifying, "When I got to Charlestown Street I was walking right straight ahead, and something struck me right there (indicating the side of his head) ; I put up my hand to grab it, throw it away from my head, and it caught my hand, and I went to pull the hand off with the other one, and I fell ; next I knew was when I awoke next morning in the hospital."

"*Q.* How were you walking when you went up against it? *A.* Walking right straight ahead.

"*Q.* At that time were you playing tag ? *A.* Yes, sir.

"*Q.* You were ? *A.* Yes, sir."

Harkins, hearing Graham's outcry, went to his assistance, and the others went to help Graham and Harkins, all taking hold of the dead wire and being injured by an electric current passing from the electric wire through the dead wire into their bodies.

The court declined to rule, as the defendant requested, that the plaintiffs were not travellers, found for the plaintiffs in each case, the parties having waived a trial by jury, and assessed damages. If there was evidence to justify the jury, or the court sitting without a jury, in finding that the plaintiffs or any of them were travellers, judgment was to be entered for the plaintiffs, or such plaintiff, in the sum or sums named; otherwise, judgment for the defendant.

*G. A. O. Ernst*, for the plaintiffs.

*T. M. Babson & R. W. Nason*, for the defendant.

ALLEN, J. The only question reported in these cases for our decision is whether there was evidence to justify the finding of the court that the plaintiffs or any of them were travellers,

within the meaning of the statute respecting public ways. Pub. Sts. c. 52, § 1.

It was held in *Blodgett* v. *Boston*, 8 Allen, 237, that a person who is using a highway simply for the purpose of play is not to be deemed a traveller. The court dwelt upon the fact that the plaintiff in that case was using the street for a purpose entirely foreign to any design or intent to pass or repass over it for the purpose of travel, and confined the expression of opinion to that precise case.

In the present case, the plaintiffs had been upon Warren Bridge looking at the search lights on a man-of-war, and were on their way to their homes in Charlestown, a considerable distance from the bridge, playing tag as they went. There was testimony tending to show that just before the time of the injuries they had stopped to get breath, that Graham walked away from the rest, that he was not running at the time nor was any one in pursuit of him, but that he was walking straight ahead, when he came in contact with the wire; and that, upon hearing his outcry and seeing him in trouble, Harkins went to his assistance, and the others went to help Graham and Harkins.

There is not much difficulty in respect to the plaintiffs besides Graham. The evidence tended to show that they were then engaged in trying to render assistance, and were not pursuing the game.

As to Graham the case is closer; but there was evidence that he was actually on his way home, and that he was walking at the moment of receiving the injury. He was rightfully travelling home on the highway. He was not using the highway merely for the purpose of play, but also and perhaps principally for the purpose of getting home. In *Tighe* v. *Lowell*, 119 Mass. 472, this element was lacking. Amusing himself as he went is not necessarily inconsistent with his being a traveller. *Gulline* v. *Lowell*, 144 Mass. 491, 495. *Bliss* v. *South Hadley*, 145 Mass. 91. *Hunt* v. *Salem*, 121 Mass. 294.

It seems to a majority of the court that upon the evidence the finding of the court as to all of the plaintiffs may be supported.

*Judgments for the plaintiffs.*