TOUSSAINT LA DUKE v. THE TOWNSHIP OF EXETER.

*Municipal corporations—Defective bridge—Injury to traveler— Proximate cause—Evidence—Pleading—Damages— Error without prejudice.*

1. Where the owner of a horse is injured by the struggles of the animal in attempting to extricate itself from a hole in a township bridge into which it has stepped, the negligence of the township in failing to keep the bridge in repair is the proximate cause of the injury.[1]

2. Proximity of residence on the part of a highway commissioner to a defective bridge is evidence tending to charge the township with notice of its dangerous condition.

3. Damages for permanent injury to a horse, as well as for the value of its services while disabled, are recoverable under a declaration averring that the horse was greatly injured and damaged, and became sick, bruised, lame, and injured, and so

---

[1] See, as to proximate cause, *Lewis v. Railway Co.*, 54 Mich. 55, where the question is discussed by Chief Justice COOLEY, and the authorities reviewed; and see *Rajnowski v. Railroad Co.*, 74 Mich. 20; *McKeller v. Township of Monitor*, 78 Id. 485; *Beall v. Township of Athens*, 81 Id. 536; *Langworthy v. Township of Green*, 95 Id. 93; *Mineral Springs Co. v. City of St. Clair*, 96 Id. 463.

remained from thence hitherto, a period of two months, during which time the plaintiff was deprived of its use, to his damage $25.[1]

4. An averment in a declaration in a negligence case that the plaintiff, by reason of the injuries alleged to have been received, became bruised, sick, lame, disordered, and permanently injured and disabled in his left arm and shoulder, so that he was confined to his house, under the care of a physician, for six weeks, and suffered great pain, and was unable to attend to his accustomed business during all that time, and has lost the use of his said arm and shoulder, and is permanently disabled in the same, is sufficient to support a verdict for injury to the left arm and shoulder, although it does not appear, as alleged in another count, that the arm or wrist was broken or the shoulder dislocated.

5. It is error to permit the wife of a plaintiff in a negligence case, who was injured, as he claims, by reason of the struggles of his horse in attempting to extricate itself from a hole in a bridge into which it had stepped, to testify that after her husband had released the horse, and started to drive home, he stated to her that the horse had hurt his arm, and that he could not hold the lines in his hand; such statement being hearsay testimony, and not a part of the *res gestæ*, nor an expression of pain or anguish occurring at the time of the injury.

6. If the testimony of the plaintiff to the same specific injury is undisputed, the admission of such statement in evidence is non-prejudicial error.

Error to Monroe.     (Kinne, J.)     Submitted on briefs October 13, 1893.   Decided November 10, 1893.

Negligence case.     Defendant brings error.     Affirmed. The facts are stated in the opinion.

*C. A. Golden* and *George M. Landon,* for appellant.

*I. R. Grosvenor,* for plaintiff.

HOOKER, C. J.   One of the plaintiff's horses caught his

---

[1] See *Kalembach v. Railroad Co.,* 87 Mich. 509, where the declaration was held not sufficiently specific to admit testimony of any permanent injury.

hind foot in a hole in defendant's bridge, and, while struggling to free himself, got the other hind foot in also, and fell upon his knees. The plaintiff sent his wife for help, and attempted to hold the horses until assistance should arrive, to prevent injury to the imprisoned horse by his struggles or by his mate. While so engaged plaintiff was injured by the struggles of the horse.

It is contended by defendant's counsel that the negligence of the township in failing to keep its bridge in repair was not the proximate cause of the injury. We think otherwise, as was held in two cases cited by counsel for plaintiff on all fours with this. *Page v. Bucksport*, 64 Me. 51; *Stickney v. Town of Maidstone*, 30 Vt. 738.

Error is assigned upon the admission of testimony and the charge, which are said to have allowed the jury to give damages for a permanent injury to the horse. There was testimony showing that the horse was injured to the extent of $30, but we find no exception in the record. The declaration alleged:

"By means whereof, also, the said horse was greatly injured and damaged, and became sick, bruised, lame, and injured, and so remained for a long space of time, to wit, for the space of two months thence hitherto, during which time said plaintiff was put to great cost and expense in taking proper care of and in purchasing medicines, in a large sum of money, to wit, $50, and was deprived of the use of said horse for all that time, to wit, two months, to the loss and damage of said plaintiff in the sum of $25."

This expressly says that the horse was greatly injured and damaged. This would have permitted the recovery of damages for the permanent injury to the horse, as well as for the value of his services while disabled.

The testimony showed that plaintiff was injured in his arm and shoulder by the struggles of the horse. The third count of the declaration contains the following language:

"The said plaintiff    *    *    *    was injured by the

struggling of said horse to get out as aforesaid, by means of which he became bruised, sick, lame, disordered, and permanently injured and disabled in his left arm and shoulder, so that he was confined in his home, under the care of a physician, for a long time, to wit, for the space of six weeks, and suffered great pain, and was unable to attend to his accustomed business during all that time, and paid and expended a large sum of money for his care, medical attendance, and medicines, to wit, the sum of $100, and has lost the use of his said arm and shoulder, and is permanently disabled in the same."

We think this sufficient to support a verdict for injury to the left arm and shoulder, although it did not appear that the arm or wrist was broken, or the shoulder dislocated, as alleged in another count.

The charge of the court, that proximity of residence on the part of the highway commissioner was evidence tending to show notice to the defendant, was unobjectionable.

But one other question need be noticed. Plaintiff's wife testified that after the horse was extricated, and the plaintiff had hitched up and started to drive home, he said to her that the horse had hurt his arm, and that he could not hold the lines in his hand. We think this is hearsay. It did not occur at the time of the injury, but some time after; hence it was not a part of the *res gestæ*. *People v. Newton*, 96 Mich. 586. Nor can it be considered an expression of pain or anguish. It states a circumstance, and was admitted to prove the hurt. It reinforced the plaintiff's testimony by the fact that he mentioned it soon after the accident. But the plaintiff had himself testified to the same injury, and was nowhere disputed; hence, under the evidence, the jury could not properly have found otherwise, and the error did not injure the defendant. See *Tillotson v. Webber*, 96 Mich. 144, 150.

We find no prejudicial error in the record, and the judgment must be affirmed.

The other Justices concurred.