ABEN *v.* TOWNSHIP OF ECORSE.

| 113 | 9 |
| 123 | 27 |

| 113 | 9 |
| j148 | 115 |

TOWNSHIPS — DEFECTIVE BRIDGE — NOTICE—EVIDENCE — QUESTION FOR JURY.

> Plaintiff, while riding upon a traction engine, sustained injuries by reason of the collapse of a bridge, due to the decay of the stringers, which had been in use for 15 years. In an action against the township, persons who lived near the bridge testified that it had been in bad condition for some time; that it would shake when teams passed over it; and that they were afraid to drive across it with heavy loads. One witness testified that he had gone upon the bridge with the overseer of highways, and that it shook when they jumped upon it. This witness was contradicted by the overseer. The commissioner of highways testified that he went under the bridge two months before the accident, and made a careful examination, without finding any evidence of decay. *Held*, that there was evidence to go to the jury on the question of notice.

Error to Wayne; Carpenter, J. Submitted April 7, 1897. Decided May 25, 1897.

Case by William Aben against the township of Ecorse for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Reversed.

*William Look* and *Harry F. Chipman*, for appellant.

*Samuel W. Burroughs* and *Ari E. Woodruff*, for appellee.

MOORE, J. Plaintiff brought this suit to recover for injuries received by him while riding upon a traction engine which fell through a defective bridge. The defect consisted in the decay of the ends of the stringers. It was the contention of the township that plaintiff failed to show any notice of the defect on the part of the township. The trial judge accepted the view urged by the defendant, basing his opinion upon *O'Neil* v. *Township of Deerfield*, 86 Mich. 610, and directed a verdict in its favor. In the light of the accident, there is no question raised about the bridge being defective. The only question involved is, was there evidence proper to go to the jury bearing upon the question of notice to the township?

The accident occurred August 6, 1894. Louis Aben testified that, a short time before the day of the accident, the highway commissioner told him he had tested the bridge, and that it was sound. Charles Voss testified that the bridge was just in front of his house; that the bridge was in bad condition; that it would shake when a wagon went across it; that, in June before the accident, he informed the overseer of highways that the bridge was in bad condition; that they went on the bridge together, and jumped upon it, and it shook. He afterwards qualified his testimony as to when this occurred by saying he could not tell whether it was in March, April, May, June, or July. Annie Theeck testified that she lived near the bridge; that it was an old bridge ever since she knew; that she saw the engine coming, and she and her sister went out to see the bridge shake when the

engine passed over it; that she had seen it shake before
when teams passed over it.   Mathias Raupp swore that
he was highway commissioner in 1879, and built the
bridge that year; that he saw the stringers after the acci-
dent, and identified them as the stringers he put into the
bridge.   Mrs. Theeck testified that she lived near the
bridge, and had for 27 or 28 years; that the stringers
were rotten; that the bridge would always shake when a
wagon passed over it; that it had been in that condition
for nearly two years; that, in June before the accident,
she saw the highway commissioner there examining the
bridge; that she had driven over the bridge nearly every
day before the accident with a loaded wagon, and did not
think it would break down.   Henry Ritter swore that he
lived about a mile from the bridge; that he drove over
the bridge with loads in safety, but that he put on small
loads, because he was afraid it would break down; that,
before the engine went over, he thought the bridge would
break down if they went over it with a heavy load.   The
overseer of highways denied the testimony of Mr. Voss.
The commissioner of highways testified that he was under
the bridge in June, previous to the accident, to examine
the bridge, to see whether it was safe; that he made a
careful examination of it, and came to the conclusion that
it was safe for reasonable travel, in the ordinary use of
such bridges; that he could not, from anything he could
discern with the eye, looking at it and examining it, see
any evidence of decay.   A great deal of testimony was
given tending to show that the accident occurred because
the engine was driven on one side of the bridge.

We think there was sufficient testimony in the case
bearing upon the question of notice so that the case should
have been submitted to the jury.   See *Township of
Medina* v. *Perkins*, 48 Mich. 67; *Stebbins* v. *Township
of Keene*, 55 Mich. 552, 60 Mich. 214; *Moore* v. *Town-
ship of Kenockee*, 75 Mich. 332; *Malloy* v. *Township of
Walker*, 77 Mich. 448, 464; *Blank* v. *Township of*

*Livonia*, 95 Mich. 229; *La Duke* v. *Township of Exeter*, 97 Mich. 450 (37 Am. St. Rep. 357).

Judgment is reversed, and new trial ordered.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred with MOORE, J. GRANT, J., concurred in the result.