## KATE MOBUS *v.* TOWN OF WAITSFIELD.

### May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed December 27, 1902.

*Injury on highway—Traveler—Proximate cause—Pleading.*

To entitle one to an action under V. S. 3490 for injuries received through the insufficiency of a highway bridge which it was the duty of the defendant town to keep in repair, he must have been a traveller upon the bridge at the time of the accident, in the exercise of due care, and the insufficiency of the bridge must have been the proximate cause of his injury.

It cannot be said as matter of law that one who goes upon a highway bridge to assist another who, with his team, has been precipitated by the falling of the bridge to the waterway beneath, and is injured while so engaged, is not a traveller on such bridge at the time of such injury.

If such person, while so assisting, is struck by the struggling horses and injured, the insufficiency of the bridge is the proximate cause of his injury.

The allegation in the declaration that the plaintiff was on the bridge and its fragments assisting her husband, while he was in the situation described, when she was injured, is a sufficient allegation that there was a bridge and that she was then a traveller upon it.

In an action under V. S. 3490, an allegation that the damage occurred "by reason" of the insufficiency of the bridge precludes the idea of negligence on the part of the plaintiff, and is sufficient.

CASE for injuries received through the insufficiency of a highway bridge. The defendant demurred to the declaration at the March Term, 1902, Washington County, *Start,* J., presiding. Demurrer overruled, *pro forma,* and declaration adjudged sufficient. The defendant excepted.

*Frank Plumley* and *John W. Gregory* for the defendant.

The plaintiff must be free from contributory negligence, and this must be established as an affirmative fact. *Hyde* v.

*Jamaica,* 27 Vt. 443; *Barber* v. *Essex,* 27 Vt. 67; *Walker* v. *Westfield,* 39 Vt. 246; *Briggs* v. *Guilford,* 8 Vt. 264; *Carter* v. *Railroad Co.,* 72 Vt. 190; *Kilpatrick* v. *Railway Co.,* 72 Vt. 236.

It being an affirmative fact which the plaintiff must establish, it follows that it must in some particular form be alleged in her declaration. *Strong* v. *Downey,* 62 Vt. 246; *Railroad Co.* v. *Hiatt,* 17 Ind. 102; I Thomp. Neg. s. 370; *Kent* v. *Lincoln,* 32 Vt. 591; *Brainard* v. *Van Dyke,* 71 Vt. 359.

The plaintiff must have been a traveler upon the bridge at the time of the injury, and the declaration must so allege. *Baxter* v. *Turnpike* Co., 22 Vt. 114; *Hyde* v. *Jamica, supra; Ford* v. *Braintree,* 64 Vt. 144; *Orcutt* v. *Bridge Co.,* 53 Me. 500; *Steinson* v. *Gardner,* 42 Me. 248; *Harwood* v. *Patham,* 152 Mass. 426; *Blodgett* v. *Boston,* 8 Allen 237; *Britton* v. *Cummingham,* 107 Mass. 347; *Stickney* v. *Salem,* 3 Allen 374; *Richards* v. *Enfield,* 13 Gray 344; *Hardy* v. *Keene,* 57 N. H. 370.

One cannot recover for injuries received while knowingly without the traveled part of a road. *Harwood* v. *Oakham,* 152 Mass. 421; nor can one recover who places himself in a dangerous position in the highway. *Kuhn* v. *Walker Turnp.,* 97 Mich. 306.

Under the circumstances and conditions set forth in the declaration, the alleged insufficiency of the bridge was not the proximate cause of the plaintiff's injury. *Railroad Co.* v. *Hiatt,* 17 Ind. 102; *Stickney* v. *Maidstone,* 30 Vt. 738; *Trow* v. *Railroad Co.,* 24 Vt. 487; *Railway Co.* v. *Ives,* 114 U. S. 408.

*Dillingham, Huse & Howland* and *Zed S. Stanton* for the plaintiff.

The declaration is in common form in like causes and sets forth with sufficient particularity that the plaintiff was injured "by reason of" the insufficiency of the bridge. The addition of the adverb *solely* would have neither enlarged nor more distinctly defined the causes of her injuries.

It is not necessary to allege in express terms that the plaintiff was not guilty of contributory negligence.    5 Ency. Pl. & Pr. 1; *Coal Co.* v. *Chambliss,* 97 Ala. 171; *Railway Co.* v. *Bradford,* 86 Ala. 574; *Magee* v. *Railroad Co.,* 78 Cal. 431; *Railroad* v. *Evans,* 87 Ga. 673; *Lester* v. *Pittsford,* 7 Vt. 158; Heard's Stephen on Pl. 350; *Johnson* v. *Railroad Co.,* 5 Duer 21; Pierce on Railroads, 322.

The insufficiency of the bridge and its resultant effect was the proximate cause of the plaintiff's injury.    *Stickney* v. *Maidstone,* 30 Vt. 738; *Company* v. *Langendorf,* 44 Ohio St. 316; *Steel Co.* v. *Marney,* 88 Ind. 482.

Tyler, J.   The declaration alleges, in substance, that while the plaintiff's husband and son were passing over a highway bridge in defendant town, upon a loaded cart drawn by two horses, by reason of the insufficiency and want of repair of the bridge—which it was the defendant's duty to maintain —it broke, and the horses, the loaded cart and the plaintiff's husband and son were precipitated to and among the broken fragments of the bridge to the water-way beneath the bridge; and that her husband was there fastened beneath the fragments of the bridge, the horses, cart and load, and unable to extricate himself; that he was greatly injured, and was in danger of further injury; that while he was so situated the plaintiff went to his assistance; and that while she was upon the bridge and its fragments, extricating her husband, she was kicked and injured by the horses, as they floundered in the water-way and upon her husband, and that she was also injured by the falling fragments of the bridge and cart.

The defendant demurred to the declaration, and assigned several causes of demurrer which will be considered. The Court below, *pro forma*, overruled the demurrer, and held the declaration sufficient, to which the defendant excepted.

The plaintiff's right to recover rests upon no common law liability on the part of the town, for towns are created for governmental purposes, and private actions do not lie against them, at common law, for neglect of duty, though an individual suffers damages by reason of such neglect. If the plaintiff is entitled to recover, it is by reason of the liability imposed upon the defendant by V. S. 3490, which must be strictly construed. Its provisions are the limits of the defendant's liability. The plaintiff must have been a traveler upon the bridge when she received her injury, and the insufficiency of the bridge must have been the proximate cause of the accident, no want of ordinary care on the part of the plaintiff contributing thereto. This is the doctrine of *Baxter* v. *Winooski Turnp. Co.,* 22 Vt. 114, 52 Am. Rep. 84, and of many subsequent cases.

Was the plaintiff a traveler?

The language of the statute is: "If damage occurs to a person or his property by reason of the insufficiency or want of repair of any bridge or culvert which the town is liable to keep in repair, the person sustaining damage may recover the same in an action on the case;  *  *  *  ." The necessary implication is that highways are for the purpose of travel and that the right of the public is the right of transition over them from place to place. This is the construction given the statute in *Baxter* v. *Winooski Turnp. Co., supra,* and in *Sykes* v. *Pawlet,* 43 Vt. 446, 5 Am. Rep. 595. In the statutes of other States this is so expressed.

The injury must be to the person or property of a traveler. *Stickney* v. *Maidstone,* 30 Vt. 738. This does not mean that

a person must be in actual motion at the time of the occurrence of the accident.    As illustrated by DOE, C. J., in *Varney* v. *Manchester*, 58 N. H. 430, 40 Am. Rep. 592, a man might be on his way for a physician, but meeting him, and while stopping and conversing with him receive an injury through the insufficiency of a highway; the town might be liable to him as a traveller.

*Britton* v. *Cummington*, 107 Mass. 347, was where a carriage occupied by several persons and drawn by two horses was passing along a highway, but was stopped by the driver to enable him to pick berries by the wayside, when one of the horses threw his checkrein over a blinder of the other horse's bridle, and when the driver attempted to unhitch it, one horse and then the other backed and the carriage was suddenly thrown down an embankment; held, that the question whether the plaintiff had ceased to be a traveler at the time of the accident was for the jury.

There are numerous decisions in the books upon the question whether, in the circumstances of given cases, persons were travelers or not; but they all come to this: If the purpose for which a person is upon a highway is for transit from one place to another, he is a traveler, and not otherwise.    In Massachusetts, under a statute similar to ours, it has been repeatedly held that where a person is using a highway simply for the purpose of play, and receives a personal injury by reason of a defect therein, he cannot maintain an action to recover damages.    Accordingly it was held in *Tighe* v. *Lowell*, 119 Mass. 472, that where a child went upon a highway merely to play and there received an injury by means of a defect therein, there could be no recovery as the child was not a traveler.    And in *Lyons* v. *Brookline*, 119 Mass. 491, a child was permitted to go upon the highway to walk, but sat down upon a sidewalk where other children were playing, and was injured by the

falling of a stone not properly secured; it was held that she was not a traveler.

In *McCarty* v. *Portland,* 67 Me. 167, 24 Am. Rep. 23, the plaintiff was injured by the insufficiency of a highway while racing his horse upon it; held, that he was not a traveler within the meaning of this statute; and in *Hardy* v. *Keene,* 52 N. H. 370, that the terms "travel," "traveler" and "traveling" have no technical meaning; that the whole matter is within the exclusive province of the jury under such instructions of the Court as the circumstances of the case require.

*Bliss, Admr.* v. *South Hadley,* 145 Mass. 91, 13 N. E. 352, was where a child about two years old, in charge of an older child, ran across the street and fell into a gutter at the side of the street, the older child meanwhile watching other boys at play; held, that it was competent for the jury to find that the children were travelers on the highway.  See *Gulline* v. *Lowell,* 144 Mass. 491, 11 N. E. 723.

In *Hunt* v. *Salem,* 121 Mass. 294, a boy, on his way home, crossed the street to look at toys in a shop window, and stood looking at them four or five minutes, and was injured by catching his foot in a grating as he turned away to resume his walk; held, that he could recover.

In *Graham* v. *Boston,* 156 Mass. 75, 30 N. E. 170, four minors were going home, playing tag as they went.  They stopped, and then one went ahead of the rest and came in contact with a live wire, and received injuries, and when the others went to his assistance they were injured; held, that all could recover.

DEVENS, J., stated the rule in *Harwood* v. *Oakham,* 152 Mass. 421 : "We have assumed that the word 'traveller,' which is found in the statute, is not there used in any narrow or restricted sense, and that the highway is to be kept safe and con-

venient for all persons having occasion to pass over while engaged in any of the pursuits or duties of life."

In the present case the plaintiff went upon the bridge for a legitimate purpose, and, though she stopped to assist her husband, it cannot be held as a matter of law that she was not a traveler upon the bridge.

But the defendant contends that the plaintiff was not a traveler upon the bridge, for the reason that it was broken down at the time of the injury to herself, and had ceased to constitute a part of the highway, so that the case falls within another line of decisions where damages are denied for injuries received outside the limits of the highway.

In *Hyde* v. *Jamaica,* 27 Vt. 443, the plaintiff's intestate was drowned in attempting to drive through a fordway in a river, which had not been adopted by the town, though the bridge had been swept away; held, that there could be no recovery, the accident having happened outside of the highway limits.

A traveler upon a highway, who stops and ties his horse outside of the highway limits, using due care, cannot, if the horse gets loose and runs upon the highway, and suffers an injury from a defect therein, maintain an action against the town for such injury. *Richards* v. *Enfield,* 13 Gray, 344; *Commonwealth* v. *Wilmington,* 105 Mass. 599.

A town is not liable for personal injuries sustained by a traveler on a highway in falling from a bridge thereon, if, being acquainted with the bridge, he knowingly passes outside a rail which marked the limits of the way prepared for travel, to assist his servant who has there fallen into the stream. *Harwood v. Oakham, supra.* The last case is like *Sykes* v. *Pawlet,* where a person having voluntarily and for his own convenience deviated from the highway which was in good condition, met with an accident causing damage to him by

backing his horse over a bank outside of the highway, but which extended up to the traveled track so as to make the highway itself insufficient and dangerous outside of the traveled track; it was held that the town was not liable for damages. *Drew* v. *Sutton,* 55 Vt. 586.

The defendant also relies upon *Kelley* v. *Boston,* a recent case reported in 62 N. E. R. 259. There the plaintiff saw her child, who was about four years old, in the water of a sewer, where he had fallen through an open catch-basin which it was the duty of the city to keep covered. The plaintiff descended into the basin and rescued the child, but in so doing contracted a cold which resulted in rheumatic fever. The Court said: "Laudable as was her motive, she ceased to be a traveler, and put herself in another relation to the defendant, in reference to which the law imposes no liability upon cities and towns." The Court also held that the plaintiff voluntarily gave up her position as a traveler when she abandoned the use of the street for travel, and passed from the surface of it, which alone was fitted and intended for travel and descended into the catch-basin. In this case the catch-basin clearly was not a part of the street, though situated within it.

The declaration, in the case at bar, does not in terms allege that the plaintiff was a traveler upon the bridge, but it does allege that she went to her husband's assistance while he was in the situation described in the declaration, and that while she was on the bridge and its fragments, extricating him, she was injured. These are sufficient allegations that there was a bridge, whatever its condition, at the place of the accident, and that the plaintiff was a traveler upon it. *Lynds* v. *Plymouth,* 73 Vt. 216.

Does this case come within the statute, or was the plaintiff's injury the result of a new cause intervening after the accident to her husband had occurred?

The defendant contends that the kicks of the horses and the falling fragments of the bridge after the accident had happened, were the direct, and that the insufficiency of the bridge was the remote cause.

In *Stickney* v. *Maidstone, supra*, the bridge broke and let the hind legs of the traveler's horse through it so that the horse could not extricate himself. The plaintiff sent his wife, who was with him, to a house near by for assistance, and a man went to the bridge and aided the plaintiff in getting the horse out of the hole, but in so doing the plaintiff was struck by the struggling horse and injured. It was contended by the defendant that the insufficiency of the bridge was only the remote cause of the plaintiff's injury and that the struggles of the horse were the immediate cause; also that the plaintiff was under no legal obligation to attempt to save the horse, and that having volunteered the attempt he should take the risk of any injury resulting therefrom. PIERPOINT, J., said in delivering the opinion of the Court: "This argument would have equal force if the plaintiff himself had been thrown through the bridge, and left in the same position, without injury in the first instance, but in freeing himself from the dilemma, had broken his arm, or his leg; yet in such case the defendant would hardly claim that, inasmuch as he was under no legal obligation to get out, and might remain there, his attempt to extricate himself was voluntary, and therefore he must take the risk of all reasonable, judicious and prudent efforts for that purpose.

"We think that the rule claimed by the defendant is quite too narrow to be sustained upon sound principle or authority. It was clearly the *duty* of the plaintiff, both morally and legally, to use all reasonable and proper means to save the horse. It

was his duty to the town so to do, and if he had neglected to make the effort, the town would have had reason to complain. But whatever may have been his duty under the circumstances, he clearly had the right to make all such proper and judicious efforts as were required to immediately relieve himself and his property from the position into which he had been thrown by reason of the defect in the bridge, and while doing so he must be regarded as acting under the direct and immediate force of the first cause, which made such efforts necessary, and until that end is accomplished, the town must be responsible for such injuries as ensue."

In discussing the question of proximate cause, the court said: "The extent to which the first and proximate cause shall be said to operate, so as to procure direct and immediate results, must depend upon the peculiar circumstances of each particular case. It would be extremely difficult to lay down any rule defining the precise line that divides the proximate from the remote cause, which would operate justly in all cases. But we think it clearly safe to say, that, in a case like the present, the first cause does not cease to be the direct and proximate cause, until the party shall have released himself or his property from the imminent and immediate peril directly occasioned by such cause."

If, in that case, the plaintiff's wife, instead of going for assistance, had remained and assisted her husband in extricating the horse, and had herself been injured, clearly she would have had the same right to recover damages that her husband had. If she could have recovered, the plaintiff in this case can recover. The insufficiency of the bridge was the direct and operating cause of the disaster, including the injury to the plaintiff wife. If a traveler were thrown from a bridge by reason of its insufficiency and injured by striking upon rocks

below, it could not be said that the rocks, and not the insufficiency of the bridge, were the proximate cause of the injury.

It is not that a new duty from the defendant to the plaintiff arose when the plaintiff went to her husband's rescue. She went upon the bridge after it had fallen, in the exercise of a right and in the performance of a duty to her husband, and was as much a traveler upon it as she would have been had she been attempting to cross it on her way for a doctor or for other assistance for her husband. But her injury was an incident to the disaster to her husband, of which the insufficiency of the bridge was the direct operating cause.

A large part of the defendant's brief and argument are directed to the subject of negligence, and to the fact that the declaration contains no allegation that the plaintiff was free from contributory negligence.

It is the rule in this State, that in actions to recover damages occasioned by the defendant's negligence, the burden is upon the plaintiff to show that such negligence was the sole, operating cause of the injury—that no want of due care on the part of the plaintiff helped to produce it. This is clearly stated in *Bovee* v. *Danville*, 53 Vt. 183. But it is not necessary that this should be alleged in the declaration. It is enough if the declaration states that the insufficiency of the bridge was the sole cause of the accident. Where it alleges that the damage occurred "by reason" of such insufficiency it complies with V. S. 3490, and the idea of the plaintiff's negligence is precluded. Upon the facts alleged, in the situation of danger in which the plaintiff saw her husband, it cannot be held as matter of law that the plaintiff was not in the exercise of the degree of care that a careful and prudent person would exercise in like circumstances.

*Demurrer overruled and declaration held sufficient.*

ROWELL, C. J., and WATSON, J., dissent.