## CHICAGO GREAT WESTERN R. CO. v. MACKIE.

### No. 9413.

Circuit Court of Appeals, Eighth Circuit.
July 6, 1932.

Donald Evans, of Des Moines, Iowa (Clifford V. Cox and William F. Riley, both of Des Moines, Iowa, and D. E. Stuart, of council Bluffs, Iowa, on the brief), for appellant.

John Le Roy Peterson, of Council Bluffs, Iowa (Henry K. Peterson, and Raymond A. Smith, both of Council Bluffs, Iowa, J. T. Dysart, of Omaha, Neb., and John J. Hess, of Council Bluffs, Iowa, on the brief), for appellee.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge.

This is an appeal from a judgment after verdict in favor of appellee (plaintiff below)

against appellant in an action to recover damages for personal injuries alleged to have been sustained by plaintiff by reason of negligence of the defendant.

Although the pleadings raised the issues of negligence on the part of the defendant and of contributory negligence on the part of plaintiff, both of those questions were determined by the verdict of the jury, and no complaint is made by defendant on this appeal as to such determination.

The sole questions raised in this court are: (1) Whether the negligence of defendant was the proximate cause of the injuries sustained by plaintiff; (2) whether there was error in the charge of the trial court touching the question of proximate cause.

The salient facts are substantially as follows:

Defendant maintained a public railroad crossing at the intersection of its tracks with South Seventh street in the city of Council Bluffs, Iowa. The crossing was formed by laying twelve ordinary railroad rails between the track rails and parallel therewith; and four ordinary railroad rails on the outer side of each of the track rails and parallel therewith. All of these rails rested upon the railroad ties. The spaces between these rails, except the flangeways next to the track rails, were filled in to a greater or less extent with cinders and asphalt. The crossing was installed in 1927. The accident happened November 25, 1929.

On the day of the accident, plaintiff was driving a single horse milk wagon over the crossing when the front calk on the right forefoot shoe of the horse, and part of the hoof became caught between two of the rails lying between the track rails. The horse was thrown. The driver got out, and, seeing that the horse's hoof was caught, sat on the horse's head to keep him quiet until help came. Presently a man came with a crowbar and tried to pry the hoof loose, but was not successful. Some one suggested that the horse be allowed to extricate himself; so plaintiff got off from the horse's head and started to move away. The horse floundered and fell back, his head or neck striking plaintiff in the right foot and causing injury to his ankle. The extent of the injury and the amount of damages recovered are not in dispute.

At the close of the evidence, defendant moved for a directed verdict on the ground that the evidence failed to show that the action complained of as constituting negligence on the part of defendant was the proximate cause of the injury to plaintiff. The denial of this motion is assigned as error.

Definitions and explanations of proximate cause are found in the books in great numbers. A very few will suffice in the case at bar.

In Milwaukee, etc., Railway Co. v. Kellogg, 94 U. S. 469, at page 474, 24 L. Ed. 256, the court said: "The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft cited case of the squib thrown in the market place. Scott v. Shepherd (Squib Case), 2 W. Bl. 892. The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation?"

Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 66, 68 L. Ed. 284, and Lang v. N. Y. Cent. R. R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729, stress the point that there must be a causal relation between the fact of delinquency and the fact of injury, and that it is not sufficient if the negligence complained of "merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury."

In City of Winona v. Botzet, 169 F. 321, page 328, 23 L. R. A. (N. S.) 204, this court, speaking by the late Judge Walter H. Sanborn, said: "The proximate cause of an injury is the primary moving cause without which it would not have been inflicted, but which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury. The intervening cause that will insulate the original wrongful act or omission from the injury and relieve of liability for it must be an independent, intervening cause which interrupts the natural sequence of events, prevents the ordinary and probable result of the original act or omission, and produces a different result which could not have been reasonably anticipated."

The difficulties which arise in connection with the rule as to proximate cause generally come not so much from the statement of the rule as from its application.

The negligence on the part of the defendant in the case at bar was the failure to use ordinary care in the maintenance of the crossing. That this negligence caused the horse's foot to become caught and caused the horse to fall is conceded. But it seems to be

contended by defendant: (a) That the result of the negligence in the maintenance of the crossing ended when the horse fell; or (b) that at least the accident which later occurred to plaintiff was not a natural and probable result of the negligence of defendant. We cannot agree with either of these contentions.

If the horse in falling had broken the shafts of the wagon, or in struggling to get up had fallen back and broken the shafts of the wagon, there could be little question that the negligence of defendant was the proximate cause of the broken shafts. The only difference between the case supposed and the case at bar is that the plaintiff was a sentient being instead of a mere piece of wood. That difference does not eliminate causal relation; it possibly raises a new question, viz. of contributory negligence on the part of the plaintiff; but that question was submitted to the jury and has been disposed of by it.

Nor do we think that the accident and injury to plaintiff were outside the class of ordinary and probable results of the original negligence of defendant. The alighting of plaintiff from the wagon in order to help the struggling horse; the sitting on the horse's head by plaintiff; the attempt to pry loose the horse's hoof; the getting off the horse's head by plaintiff to allow the horse to try again to release its hoof; the further struggling of the horse—were all a natural sequence of events following and caused by the original negligence of defendant. That some of them were acts of human beings is not of vital importance. The original negligence of defendant was still an active operative force at the time plaintiff received his injury. There was no independent intervening cause between the original negligence of defendant and the accident and injury to plaintiff sufficient to account for the latter.

These conclusions find ample support in the reported cases, although the authorities are by no means unanimous.

In La Duke v. Township of Exeter, 97 Mich. 450, 56 N. W. 851, 37 Am. St. Rep. 357, one of plaintiff's horses caught its hind foot in defendant's bridge, and, while struggling to free itself, caught the other hind foot and fell upon its knees. Plaintiff attempted to hold the horse until assistance arrived to prevent injury to the struggling horse, and while so doing was injured by the struggling horse. The court held that negligence of the defendant in failing properly to maintain the bridge was the proximate cause of plaintiff's injury.

In Page v. Bucksport, 64 Me. 51, 18 Am. Rep. 239, the court, in stating the case, said: "The plaintiff was driving with a horse and gig over a defective bridge in the defendant town when the horse broke through the bridge and fell. The plaintiff immediately jumped from his gig and undertook to extricate the horse from the hole in the bridge. In doing so, in the struggle of the horse to free himself, he was struck by the horse's head and personally injured thereby."

And, in connection with the question of proximate cause, the court said: "The law required such services of the plaintiff. It was his duty to save the horse if possible. He would have been guilty of negligence towards the town if he had failed to make all reasonable attempts to do so. * * * The plaintiff was attempting to relieve himself of an injury to his horse and thereby of an injury to himself, when the horse in his struggles struck him with his head."

In Stickney v. Town of Maidstone, 30 Vt. 738, plaintiff was driving a one-horse wagon over a bridge when the horse broke through so that both his legs became fastened and he was unable to release himself. Plaintiff got out of the wagon, and, in attempting to release the horse, was injured. The court held that the negligence of the defendant in failing to properly maintain the bridge was the proximate cause of plaintiff's injuries. In the course of the opinion, the court said (page 741): "It was clearly the duty of the plaintiff, both morally and legally, to use all reasonable and proper means to save the horse. It was his duty to the town so to do, and if he had neglected to make the effort, the town would have had reason to complain. But whatever may have been his duty under the circumstances, he clearly had the right to make all such proper and judicious efforts as were required to immediately relieve himself and his property from the position into which he had been thrown by reason of the defect in the bridge, and while doing so he must be regarded as acting under the direct and immediate force of the first cause, which made such efforts necessary, and until that end is accomplished, the town must be responsible for such injuries as ensue."

See, also, Mobus v. Town of Waitsfield, 75 Vt. 122, 53 A. 775; Snipes v. Atlantic Coast Line R. Co., 76 S. C. 207, 56 S. E. 959.

Viewing the facts in the case at bar in the light of the foregoing authorities, we are of the opinion that the negligence of defendant was the proximate cause of the accident and

injury to plaintiff, and that the trial court would have been justified in so instructing the jury as a matter of law. It follows that defendant has no ground of complaint as to the instruction of the court to the jury in respect to proximate cause.

We find no reversible error in the record, and the judgment is accordingly affirmed.