LISA McCANN[1] *vs.* CITY OF BOSTON.

Suffolk. May 15, 1991. - July 23, 1991.

Present: KASS, SMITH, & IRELAND, JJ.

*Way*, Public: defect. *Municipal Corporations*, Liability for tort. *Negligence*, Municipality. *Words*, "Traveler."

A child who was roller skating solely for fun and recreation on a public way was not a "traveler" on the public way so as to be entitled to recover damages under G. L. c. 84, § 15, for personal injuries sustained in a fall caused by a defect in the way. [124-126]

CIVIL ACTION commenced in the Boston Municipal Court Department on July 2, 1987.

The case was heard by *William J. Tierney*, J.

*Robert I. Feinberg* for the plaintiff.

*David P. Ryan*, Special Assistant Corporation Counsel, for the defendant.

SMITH, J. This action of tort was brought in the Municipal Court of the city of Boston by a minor by her mother and next friend, against the city of Boston (city) to recover compensation for personal injuries as a result of a fall allegedly caused by a defect on a sidewalk. The matter was heard by a judge who made specific findings of fact and found for the city. The case was a subject of a report to the Appellate Division of the Municipal Court. The court dismissed the report, and the plaintiff has appealed.

We summarize the judge's findings of fact. The plaintiff was roller skating on a sidewalk in Boston when she fell. The cause of her fall was a defect in the sidewalk. Because of the length of time that the defect was in existence, the city had reasonable notice of it and, by an exercise of due care, could have prevented the accident by repairing and properly main-

---

[1]By her next friend and mother, Katherine McCann.

taining that area of the sidewalk where the defect was located. Because the plaintiff was roller skating for fun and recreation, the judge concluded that she was not a traveler on a public way and could not recover under G. L. c. 84, §§ 1 and 15. He cited *Blodgett* v. *Boston*, 8 Allen 237 (1864), as support.

General Laws c. 84, § 1, as amended by St. 1974, c. 601, states in pertinent part: "Highways and town ways, including railroad crossings at grade with such highways and town ways, shall be kept in repair at the expense of the town in which they are situated, so that *they may be reasonably safe and convenient for travelers*, with their horses, teams, vehicles and carriages at all seasons . . ." (emphasis added).

Under G. L. c. 84, § 15, a city or town is liable in damages to a person injured by a defect in the public way. However, the duty to maintain public ways does not extend to all users but is limited to those using the way in furtherance of a purpose for which the way was laid out. *Blodgett* v. *Boston, supra* at 238. *O'Brien* v. *Hudner*, 182 Mass. 381, 382 (1903)("public ways of the Commonwealth are not laid out as playgrounds for children").

In *Blodgett* v. *Boston*, the decision relied upon by the trial judge and the Appellate Division, the plaintiff, an eleven year old boy, was playing "old man in the castle" on a plank sidewalk at the time of his injury. The court ruled that, because the plaintiff was using the public way solely for play and not as an incident to travel, he was not a traveler and could not recover damages.[2] Decisions since *Blodgett* have reaffirmed the clear meaning of that decision: one using the public way solely for play is not a traveler and may not recover pursuant to G. L. c. 84. See generally *Tighe* v. *Lowell*, 119 Mass. 472 (1876); *O'Brien* v. *Hudner, supra; McKenna* v. *Andreassi*, 292 Mass. 213, 217 (1935). Contrast *Graham* v. *Boston*, 156 Mass. 75, 77 (1892) (the plaintiff "was not

---

[2]Closer to the facts at issue in this case, the court in *Blodgett* also noted by way of example that a child using the highway for the purpose of sledding who was injured by a "defect arising from the accumulation of snow or ice" could not recover under the statute.

using the highway merely for the purpose of play, but also and perhaps principally for the purpose of getting home").

The plaintiff, however, contends that under *Blodgett* the test to be applied to a plaintiff is whether he or she is "traveling" at the time of the injury and not the purpose of the traveling, such as for sport or amusement. She points out that, while engaged in the sport of roller skating, she was moving from one place to another and, therefore, met the dictionary definition of "traveler." See Black's Law Dictionary (5th ed. 1979)("traveler" is "[o]ne who passes from place to place, whether for pleasure, instruction, business or health . . ."). We reject the plaintiff's argument.

In the different types of games that plaintiffs may play on public ways, there may well be some type of running or movement from one place to another. Neither *Blodgett*, however, nor any of its numerous progeny, stand for the proposition that it is the *mode* of play that is dispositive of the "traveler" question. To hold otherwise would ignore the central holding in *Blodgett*, that the duty to maintain public ways is limited only to those persons who use public ways for the purposes for which they are laid out — for travel, not to play games or engage in sport. Here, the judge found that the plaintiff, when injured, was engaged *solely* in play. The fact that the play involved some form of running or movement from one place to another is of no moment. There is no distinction between those plaintiffs who are injured playing hopscotch and those jumping rope.

We emphasize that our decision is based on the circumstances of this case — the judge found that the plaintiff was using the public way solely for play when injured. There are decisions that hold that "persons using the [public ways] for travel who stopped momentarily for some other purpose were nonetheless travelers, or at least could be found to be." *Wershba* v. *Lynn*, 324 Mass. 327, 330-331 (1949), and cases cited. In that regard, the court stated in *Blodgett* v. *Boston*, *supra* at 241, "[we] by no means intend to say that a child who receives an injury caused by a defect . . . while passing over or through [a public way] would be barred of all rem-

edy . . . merely because, at the time of the occurrence of the accident, he was also engaged in some childish sport or amusement. There would exist in such a case the important element that the person injured was actually travelling over the way." We recognize that there is a subtle, but important, distinction at work. Here, the judge found that the plaintiff was not traveling but using the public way *solely* for play when injured; therefore, she cannot recover.

The plaintiff argues that an affirmance once again of the *Blodgett* decision is not in keeping with the modern approach taken by the Supreme Judicial Court in *Mounsey* v. *Ellard*, 363 Mass. 693 (1973). In that case, the court abrogated the distinction between licensees and invitees and created a common duty of reasonable care which the occupier owes to all lawful visitors. *Id.* at 707-708. It is not for this court to extend liability for defects in public ways to persons other than travelers or, given the clear precedent, to extend the meaning of the word "traveler." See *Burke* v. *Toothaker*, 1 Mass. App. Ct. 234, 239 (1973).

*Order dismissing report affirmed.*